[Cheek v. State ex rel. Metcalf.]

# Cheek *v.* State *Ex rel.* Metcalf.

*Proceedings Under Prohibition Law.*

(Decided Dec. 19, 1911.   57 South. 108.)

1. *Intoxicating Liquors; Search and Seizure; Affidavit.*—Where the affidavit stated, in a search and seizure proceeding under General Laws 1909, p. 74, that the defendant kept a place where spiritous vinous or malt liquors or beverages were kept for sale, or otherwise illegally disposed of, known as the Olympian Hotel, etc., it was sufficient, and motion to quash was properly overruled.

2. *Same; Evidence.*—In a proceeding to search a hotel for liquors unlawfully kept for sale or other disposition, where the state could show that liquors had recently been sold there, it was competent to show that the sheriff sent a negro with no whisky on his person into the hotel, he remaining on the outside in front of and near the hotel, and that the negro returned with whisky, and that he gave the negro money, and directed him to go into the hotel and buy whisky and bring it to him.

3. *Same.*—In a search and seizure proceeding under general laws 1909, p. 74, it was not proper to permit it to be shown that before the issuance of a search warrant, the defendant had more than once been arrested for a violation of the prohibition law.

4. *Same; Legality of Keeping; Burden of Proof.*—The claimant of liquor seized under the provision of General Laws 1909, p. 74, found in a building not used exclusively as a dwelling or a drug store has the burden to show that he did not keep them for unlawful purposes.

5. *Same; Building Subject to Search.*—Where the affidavit and warrant authorizing the search and seizure described the place as being located at a specific street number, and as being known as a certain hotel, a building not located at that number is not subject to search even if connected with the hotel by planks and used in connection therewith.

6. *Evidence; Collateral Matters; Other Crimes.*—Where several crimes constitute in fact one criminal prosecution, evidence of all may be given as part of the res gestae of the offense charged, but collateral facts affording no inference as to the principal facts in issue, should not be allowed.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Proceedings by the state of Alabama on the relation of W. L. Metcalf against F. C. Cheek, for a search and seizure of prohibited liquors, as provided by the Fuller

Bill. From a judgment condemning the liquors, the claimant Cheek appeals. Reversed and remanded.

BURGIN, JENKINS & BROWN, for appellant. The court erred in overruling the motion to quash the affidavit.—Acts 1909, p. 74. The court erred in admitting testimony of the witness Chew. Counsel discuss other assignments of error relative to evidence, but without citation of authority. They further insist that the house known as the Wilson House was not subject to search, and in support of all their insistences they cite Acts 1909, p. 63.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the appellee. The court properly overruled motion to quash the affidavit.—*Toole v. The State*, 54 South. 195. Questions calling for the uncommunicated reasons or motive of a witness are properly refused.—*Burke v. The State*, 71 Ala. 377; *Fonville v. The State*, 91 Ala. 39; *Dean v. The State*, 105 Ala. 21. Counsel discuss other assignments of error, and in support of their insistence that the case should be affirmed, cite the several sections of Acts 1909, p. 63.

DE GRAFFENRIED, J.—One Metcalf, on the 15th day of April, 1911, under the provisions of section 22 of an act of the Legislature approved August 25, 1909, and entitled "An act to further suppress the evils of intemperance," etc. (General and Local Acts Alabama, Special Session 1909, p. 74), made an affidavit before E. C. Crow, judge of the circuit court of Jefferson county, charging that "Fred Cheek keeps a place where spirituous, vinous or malt liquors or beverages are kept for sale or otherwise disposed of contrary to law, known as the Olympian Hotel," etc. Thereupon a

search warrant was issued by the said circuit judge of Jefferson county, and was placed in the hands of the sheriff of said county, authorizing him, in substance, to search the said Olympian Hotel for said liquors, and, if found therein, to seize and hold them, subject to the orders of the court. Thereupon the sheriff and his deputies searched the Olympian Hotel and a building near it, known as the Wilson building; there being a passageway by means of two planks between the two buildings. The sheriff found and seized in the two buildings 23 dozen bottles of beer, 100 one-half pints of whisky, 1 quart of whisky, and two pints of whisky. Thereupon the said F. C. Cheek, as provided in subdivision 9 of section 22 of said act, filed a verified claim to 96 half pints of whisky and 20 dozen bottles of the beer so seized, and denied any claim to any of the balance of said liquors. He denied, in his said verified claim, that he kept a place where spirituous, vinous, or malt liquors or beverages were kept for sale, etc. On the issues made up under the direction of the court on the said verified claim of Cheek, this suit was tried.

1. In our opinion, the motion to quash the affidavit upon which the search warrant was issued was properly overruled. This question has been directly passed upon by the Supreme Court of Alabama.—*Toole v. State,* 170 Ala. 41, 54 South. 195.

2. As the affidavit upon which the writ of seizure issued alleged that appellant kept liquors at the Olympian Hotel, "a place where spirituous, vinous or malt liquors or beverages are kept for sale," it was competent for the state to show that such liquors had recently been sold there. The evidence, therefore, that the sheriff sent a negro with no whisky on his person into the hotel, and remained in front of and near the hotel until the negro

returned with whisky, and that he gave the negro money, and directed him to go into the hotel and buy whisky and bring it to him, was relevant and competent as a circumstance to be considered by the jury, along with the other evidence in the case, in determining whether such liquors were in fact kept for sale in said hotel.—*Allison v. State,* 1 Ala. App. 206, 55 South. 453.

3.  Upon what theory as to its competency or relevancy the court proceeded when it permitted the state, against the objection of the appellant, to offer evidence tending to show that, prior to the issuance of the search warrant, appellant had, more than once, been arrested for a violation of the prohibition laws, we are not able to understand. The appellant took the stand as a witness, and the state was thereby given an opportunity to impeach him. This the state did not attempt to do. As the question as to whether the Olympian Hotel was a place in which contraband liquors were kept for sale was before the jury, the state also had a right, by legal evidence, to show that such liquors were being sold or had recently been sold there; but the fact that the appellant had been *arrested* for violating the prohibition laws had no legal tendency whatever to show that said hotel was a place where such liquors were sold. A collateral crime may be evidence against a party, if it is connected with the crime under investigation, and forms a part of a general and composite transaction. Where several crimes constitute in fact one criminal transaction, evidence of all of such crimes may be given as part of the res gestae of the offense with which the person being tried is charged.—*Allison v. State, supra.* Collateral facts affording no inference as to the principal facts in issue should not be allowed, and we know of no rule in this state declaring that the fact that a man is *arrested* for an offense, without more, is to be re-

ceived in a court of justice as substantive evidence of his guilt of *any* offense. Such evidence is immaterial; for even innocent persons are sometimes arrested, and are subject to indictment.—Underhill on Crim. Ev., § 245.

4. The evidence in this case showed, without dispute, that the liquors claimed by appellant were certainly not in the main building of the Olympian Hotel, but in the Wilson building, with which the main building of the Olympian Hotel was connected by two planks, used as a passageway. The place which the sheriff, under the search warrant, was authorized to search is described as follows: "Said place being located at 206 No. 21 St., B'ham, Ala., known as the Olympian Hotel." If the Wilson building was in fact included in the above description, then the appellant is not entitled to recover, unless he is able to show by evidence that the liquors were not kept by him in said building in violation of law. The liquors were found in said building, and, as it was not a building used exclusively for a dwelling, and was not a drug store, the burden is upon appellant to reasonably satisfy the jury hat he did not keep said liquors in said building for illegal purposes, provided the building was included in the above description, and was a part of the Olympian Hotel.

On the other hand, if the Wilson building was not located at *"206 No. 21 St., B'ham, Ala.,"* but at *some other number*, then, even if connected with the Olympian Hotel by planks, and used in connection with the Olympian Hotel as a part of the same, the sheriff had no right to search that building under the directions contained in his affidavit, and the appellant is entitled to recover, whether said liquors were kept there for illegal purposes or not. "The writ must not be general; it should not leave the place to be searched to the dis-

[Cheek v. State ex rel. Metcalf.]

cretion of the officer executing it; it must confine the search to one place or building."—*Toole v. State*, 170 Ala. 41, 54 South. 195.

In the above case of *Toole v. State*, in the affidavit and warrant the premises to be searched were described as "a place at 14 Jefferson street in the city of Montgomery, to wit, a stable or storehouse in the rear of a residence at said 14 Jefferson street," and while the court held, in effect, that the sheriff, under that writ,. had the right to search both "a stable and a storehouse," if both of such buildings were in the rear of a residence at 14 Jefferson street, nevertheless it held that the sheriff was confined to such named buildings at said "*14* Jefferson street."

In the present case, the building to be searched was "206 No. 21 St., B'ham, Ala., known as the Olympian Hotel," and the sheriff was without authority to search any property not coming within that description, or to seize any liquors situated in any other building. It follows, of course, that, if the Wilson building is included in the description "206 No. 21 St., B'ham, Ala.," but was not a *part* of the Olympian Hotel—if appellant was not *its* proprietor, and had no dominion over it—then he is entitled to recover, although he may have kept the liquors in said building for illegal purposes. The constitutional guaranty against unreasonable searches and seizures is to be observed.—*Toole v. State*, 170 Ala. 41, 54 South. 195.

The record presents many other questions for our consideration; some of them will probably not arise on the next trial, and the others may not do so. We will therefore not consider them.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.