# Salley *v*. The State.

### *Search and Seizure of Intoxicating Liquors.*

(Decided January 15, 1913. 64 South. 185.)

1. *Intoxicating Liquors; Seizure; Affidavit.*—In a proceeding under Acts 1909, p. 63, an affidavit closely following subdivision 6a of section 22 of said Act, alleging probable cause for believing, and the belief that defendant kept a place where spirituous liquors were sold or disposed of contrary to law, describing the place, and alleging belief that liquor for such purpose was stored in such building, and that a more specific description of the liquor was unobtainable, was sufficient.

2. *Same; Warrant.*—A warrant to the sheriff referring to a sufficient affidavit as to the defendant's keeping intoxicating liquors for sale or disposition contrary to law, describing the place in which they were believed to be kept, stating that a more complete description of the liquor was unobtainable, and directing a seizure and return, was sufficient.

3. *Same; Affirmative Charge.*—Under Acts 1909, p. 63, section 4, the general charge for the state was properly given, where it appeared that upon seizure a barrel of whisky containing fifty gallons, and another containing four or five gallons, and empty whisky barrels, were found on defendant's premises which he subsequently claimed as bailee, the defendant not offering any testimony.

4. *Appeal and Error; Review; Motions.*—Motions invoking the ruling of the court made during the progress of the cause are not parts of the record proper, and cannot be reviewed on appeal unless the motions and rulings are made a part of the record by being incorporated in the bill of exceptions.

APPEAL from Lowndes Circuit Court.

Heard before Hon. A. E. GAMBLE.

Proceedings by the State against J. M. Salley for the discovery and seizure of intoxicating liquors illegally kept for sale. Judgment of forfeiture, and Salley appeals. Affirmed.

The affidavit is as follows: "State of Alabama, Lowndes County. Before me, J. M. Williams, a justice of the peace in and for said state and county, personally came J. A. Coleman, who being by me duly sworn, says on oath that he has probable cause for believing and

does believe that J. M. Salley keeps a place where spirituous, vinous or malt liquors are sold, kept for sale, or otherwise disposed of contrary to law; that said place where said spirituous, vinous or malt liquors are sold, kept for sale, or otherwise disposed of contrary to law, is described as follows: One small new house situated about 40 or 50 feet in the rear of the kitchen of J. M. Salley, and about 20 feet from the lane running between the residence of J. M. Salley and Mr. A. B. Brown. Affiant further states that he has probable cause for believing and does believe that there is stored in said place above described spirituous, vinous or malt liquors for sale, delivery or distribution contrary to law, or for other illegal purposes. Affiant further states that a more specific description of said spirituous, vinous or malt liquors which are sold, kept for sale, or otherwise disposed of contrary to law, or for other illegal purposes in said place above described, is not obtainable."

The warrant is as follows: "State of Alabama, Lowndes County. To the Sheriff of said County: Proof by affidavit having this day been made before me by J. A. Coleman that he has probable cause for believing, and does believe, that J. M. Salley keeps a place where spirituous, vinous or malt liquors are sold, kept for sale or otherwise disposed of contrary to law, which said place is described as follows: One small new house, situated about 40 or 50 feet in the rear of the kitchen of J. M. Salley, and about 20 feet from the lane running between the residence of J. M. Salley and A. B. Brown; and proof by affidavit having been made before me by the said J. A. Coleman that he has probable cause for believing, and does believe, that there is stored in said place above described spirituous, vinous or malt liquors for sale, delivery or distribution contrary to law, or for

other illegal purposes, a more specific description of said spirituous, vinous or malt liquors not being obtainable; and probable cause having been shown to me by proper evidence that the said J. M. Salley keeps said place above described, and that spirituous, vinous or malt liquors are sold, kept for sale or otherwise disposed of, contrary to law, are stored for sale, delivery, distribution, contrary to law, or for other illegal purposes, in said place above described. You are therefore commanded at any time between 8 o'clock in the morning and 6 o'clock in the afternoon, or any other time that said place or premises are open, to make immediate search of said place for spirituous, vinous or malt liquors, and if you find the same in said place, to take the same into your possession, together with the receptacles or vessels containing said spirituous, vinous or malt liquors, and the same to safely keep in your possession, subject to my orders. You will make return of this warrant within ten days from this date as required by law."

The objections interposed were that the justice of the peace failed to take the deposition of the complainant or other witnesses in writing, and cause the same to be subscribed by the person making it before the issuance of the search warrant, and that neither any disposition nor the affidavit upon which the search warrant was issued show any facts or circumstances tending to establish the grounds for the application of said search warrant, or probable cause for believing that grounds existed.

R. L. Goldsmith, for appellant. The search warrant should have been quashed.—Acts 1909, p. 64; Subds. 2 and 3 of section 22. It appeared from the evidence that it was found within the curtilage of the dwelling, and

therefore within the protection of the dwelling.—12 Cyc. 1022. The court therefore erred in giving the state the affirmative charge.

R. C. BRICKELL, Attorney General, and POWELL & HAMILTON, for appellee. The affidavit and warrant were sufficient.—Subd. 6a, sec. 22, Acts 1909, p. 64. Under the evidence in this case, and under the influence of sections 3 and 4, Acts 1909, p. 64, the defendant offering no evidence in his own behalf, the court properly directed a verdict for the state.

PELHAM, J.—This proceeding is based on an affidavit and warrant issued on the authority conferred under the provisions of the act "to further suppress the evils of intemperance," etc., approved August 25, 1909.— Acts 1909, p. 63. The affidavit closely follows paragraph "a" of subdivision 6 of section 22 of this act, and is sufficient, and the warrant is in full compliance with the provisions of the act relating thereto. The court was not in error in sustaining the validity of the affidavit and warrant as against the various attacks made against them by motions and demurrers interposed by appellant.

Neither the motions nor the rulings of the court on the motions are shown by bill of exceptions, and motions invoking the rulings of the court made during the progress of the cause are not parts of the record proper, and the rulings thereon can only be reviewed when the motions and rulings are made a part of the record by incorporating them in the bill of exceptions.—*Ex parte Watters et al.* (Sup.) 61 South. 904.

Section 4 of the act approved August 25, 1909, commonly known as the "Fuller Bill," makes the keeping of prohibited liquors, in any building not used exclusively

for a dwelling, prima facie evidence that they are kept for sale, or with intent to sell contrary to law. The evidence without conflict showed that, in making the search and seizure authorized by the process in this proceeding, the sheriff found a barrel of whisky containing about 50 gallons, and another barrel with 4 or 5 gallons in it, together with empty barrels, etc., in the house on the defendant's premises described in the affidavit and warrant. The defendant was in possession of the house in which the liquor was stored and surrendered the key to it to the sheriff at the time the search was made, and subsequently claimed the whisky "as bailee thereof," alleging that it was in his custody and under his control as such bailee. The small house on the back premises of the defendant's place where the liquor was stored was shown not to be used as a dwelling by the defendant or any one else, and, too, the quantity discovered stored there would dispel any reasonable belief that it was kept for personal consumption or for the purpose of dispensing hospitality in ordinary social intercourse at the dwelling of the defendant, which the evidence showed was a separate house some 20 to 30 feet distant from the house in which the whisky was stored. After the state had made out a prima facie case establishing the complaint, under the statutory requirements, the defendant "declined to offer any testimony," and we think it was not error for the court to give the general charge requested by the state.—Acts 1909, pp. 78, 79, § 9.

Affirmed.