89 So.2d 694

**S. M. PORCH**

v.

**STATE.**

**8 Div. 793.**

Court of Appeals of Alabama.

June 19, 1956.

Rehearing Denied Aug. 14, 1956.

Smith & Moore, Guntersville, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been convicted of possessing prohibited liquors.

The evidence presented by the State tends to show that upon an affidavit made by Jack Cochran that he had probable cause for believing, and did believe, that prohibited liquors or beverages were in or about the premises of S. M. Porch, a warrant was issued authorizing a search of said premises in the daytime.

Jack Cochran, a deputy sheriff for Marshall County, testified that armed with the search warrant they went to the home of the appellant between 9 and 9:30 A.M., being accompanied by Hugh Allison and I. E. Massey, two other Marshall County deputy sheriffs. Mr. Cochran showed the search warrant to the appellant, and the officers proceeded to search the house.

The appellant's 21 year old daughter was also present at this time.

Therein the officers found 21 cases and some 7 or 8 cans of beer of various brands.

Allison and Massey testified to virtually the same facts as those given by Cochran, Mr. Allison testifying that part of the beer was found in the kitchen, and part in another room of the house.

For the defense Reba Dale Porch, the appellant's daughter, testified that upon the occasion of the search she had told the officers that the beer was hers, and was stored in her bedroom.

She further testified that she was divorced, and sold beer to support her young daughter and herself.

As to the beer in question she testified that she had bought the same in Huntsville the night before the search. The beer had been bought before midnight, but she had not returned to the home until around 5 A.M. the next morning. Her 16 year old brother had unloaded the beer and stored it in her bedroom. Her father had been asleep at the time and was unaware of this operation.

On cross-examination this witness testified that she had purchased the beer at some place either on Whitesburg mountain or on Montesano, but could not recall the name of the place.

She further testified she had paid $103 for the beer, the money had been given her by her 16 year old brother who had worked in Detroit.

The appellant did not testify in the trial below.

■ The appellant being present at the time of the search of his premises, we think the finding of the large quantity of beer therein was a circumstance from which the jury could reasonably infer his guilty scienter.

■ While his daughter attempted to exonerate the appellant, the credibility of her testimony was for the jury. Apparently by their verdict the jury saw fit to reject her testimony. In this light the circumstantial evidence against this appellant is entirely sufficient to sustain the verdict rendered.

Prior to entering upon trial the appellant filed a motion to suppress the evidence on the grounds that search warrant obtained by Cochran was illegally issued and illegally executed.

The State filed a motion to strike the motion to suppress the evidence.

The court granted the motion to strike, stating that: "it hasn't a thing under the sun to do with this case," the court further expressing the view that Section 210, Title 29, Code of Alabama 1940 was under "contraband liquors. We are not trying a case under that."

The reasons expressed by the court for striking the motion to suppress the evidence are not clear to us.

In Green v. State, Ala.App., 79 So.2d 555, 557,[1] we wrote:

"A motion to suppress evidence has heretofore been a stranger to our jurisprudence for the reason that illegally obtained evidence is admissible under the doctrines of our cases. See Alabama Digest, Criminal Law, ☞395 for innumerable authorities.

"However, by Act approved September 12, 1951, Section 210, Title 29, Code of Alabama 1940, Pocket Part, the statute relating to the issuance of search warrants for seizure of prohibited liquors was amended by adding the following provisions:

" 'No evidence obtained by means of an illegal search of the private dwelling of any person shall be admissible in any court in the prosecution of any person for violating any of the provisions of this title. A search is deemed illegal unless, (1) a valid search warrant has been issued in full compliance with law, including section 214 of this title, and warrant is executed according to law.' "

We further expressed the opinion that it would appear that to the limited conditions of Section 210, supra, that is, a search of a private dwelling for prohibited liquors, said section would serve as a basis for the introduction and use in our procedure of motions to suppress evidence.

The lower court therefore erred in its ruling striking the motion to suppress the evidence.

However it appears from the record that the State introduced into evidence the search warrant, this over appellant's objection that the affidavit does not set forth facts on which probable cause can be predicated, as required by law.

Numerous other objections were timely interposed during the trial to various phases of evidence, the grounds of such objection being that the search warrant was not legally issued, and was not legally executed.

All such objections were overruled by the court.

It is the contention of counsel for appellant that such rulings were error inasmuch as Section 214 of Title 29, Code of Alabama 1940 provides, in reference to the issuance of contraband liquor search warrants:

"The magistrate, before issuing a warrant, must examine the complainant on oath, and any other witnesses he may produce, and take their depositions in writing, and cause the same to be subscribed by the person or persons making them; and the same must set forth facts and circumstances as both tending to establish the ground or grounds of the application or probable cause for believing that a ground exists authorizing search warrant to issue."

Counsel further contends that since the record shows that the magistrate did not take the depositions of the complaining witness and cause him to sign it, perforce, no facts were set forth tending to establish the application for the warrant on probable cause.

1. Ante, p. 189.

568

In Edmunds v. State, 199 Ala. 555, 74 So. 965, 967, our Supreme Court, writing to an identical point wrote:

"Although, following the provisions common to all search warrants and preliminary proceedings, the act requires that 'the magistrate before issuing a warrant must examine the complainant on oath, and any other witnesses he may produce, * * * and take their deposition in writing, and cause the same to be subscribed by the person or persons making them' (section 22, subd. 3), the omission of these requirements has never been regarded as vitiative of the warrant when it is issued upon a sufficient affidavit.

" 'The ascertainment of probable cause for the issue of the writ involved the exercise of the judicial function. Having acquired and exercised jurisdiction in the premises by taking the affidavit of a person, and having issued the warrant substantially as required by the statute, the weight of the evidence to establish probable cause could not be made the subject of inquiry, nor could the judgment in that regard of the issuing magistrate be made the subject of review on the trial of the cause.' Toole v. State, 170 Ala. 41, 52, 54 So. 195, 198; Cheek v. State, 3 Ala.App. 646, 57 So. 108; Salley v. State, 9 Ala. App. 82, 64 So. 185."

■ Merit therefore cannot be accorded appellant's contention that the search warrant in this case was not legally issued.

■ It further appears that Mr. Cochran showed the search warrant to appellant at the time of the search. This was a sufficient execution of the warrant.

It appears therefore that by objections interposed during trial to the admission of the search warrant this appellant got full advantage of the very matters he sought to raise by his motion to suppress the evidence.

He was not therefore probably injured in his substantial rights, and we will not predicate error on the trial court's ruling erroneously striking appellant's motion to suppress the evidence. Sup.Ct.Rule 45, Code 1940, Tit. 7 Appendix.

Affirmed.