103 So.2d 815

**Sam JORDAN**

v.

**STATE.**

**7 Div. 466.**

Court of Appeals of Alabama.

May 20, 1958.

Rehearing Denied June 10, 1958.

Rowan S. Bone, Gadsden, for appellant.

John Patterson, Atty, Gen., and Robt. G. Kilgore, Jr., Asst. Atty. Gen., for State.

HARWOOD, Presiding Judge.

This appellant has been convicted of possession of prohibited beverages.

The evidence presented by the State tends to show that between 8:30 and 9:00 P.M. Deputy Sheriff Noojin, and officers Smith and Lindsey went to the home of appellant for the purpose of searching for contraband liquor. All officers were in uniform, and Noojin testified he had known appellant for ten years.

Officer Lindsey carried with him a search warrant authorizing and commanding a search of the premises described in the day or nighttime. The warrant was issued on affidavit that appellant possessed liquor at the premises in question.

Upon knocking at the door the officers were admitted into the house. Without displaying the search warrant the officers began searching, and found 11½ pints of "State Store" whiskey secreted in the wall of a bathroom. This hiding place was discovered by removing a board at the bottom of the bathroom window.

According to the officers, after proper predicate was shown, the appellant claimed ownership of the whiskey.

The appellant's wife, his aged father-in-law, and apparently one or two roomers resided in the premises.

The defense testimony was directed to showing that the appellant did not claim ownership of the whiskey, but on the other hand that the officers stated they were charging him with its possession because he was head of the household.

■ Clearly under the evidence a jury question was presented as to appellant's possession of the whiskey.

At the conclusion of the evidence the appellant moved to exclude the evidence and

discharge the appellant. This motion was denied.

■ Under the provisions of Section 220, Title 29, Code of Alabama 1940, a search warrant, issued under the provisions of Sections 210, 211, 212, 213, and 214, Title 29, Code of Alabama 1940, may be executed only between the hours of eight o'clock in the morning and six o'clock in the afternoon, and Section 210, supra, as amended, provides that no evidence obtained by means of an illegal search of a private dwelling shall be admissible in the prosecution of any person for violating the provisions of Title 29, supra.

However, under the general provisions relating to search warrants (Sections 101–107, Title 15, Code of Alabama 1940), a search warrant may be executed at any time, day or night, if issued on an affidavit stating positively that the property is in the place to be searched, and the magistrate authorizes a search during the day or night.

These two sets of statutes relate to the same subject matter, i. e. search warrants, and have the same general purpose, i. e. the discovery of property used in committing a public offense. They are therefore in pari materia, and the one does not displace the other.

■ The search of appellant's premises under the warrant possessed was authorized at any time of day or night.

■ The evidence shows that the warrant was not presented, nor read to the appellant.

However, as stated in Brown v. State, 109 Ala. 70, 20 So. 103, 110: "There may be a presumption that a regularly commissioned sheriff is known to all the inhabitants or residents of the county." Further, Chief Deputy Noojin testified he had known the appellant for ten years. The officers' actions in immediately beginning a search upon their admission to the house clearly demonstrated the purpose of their visit.

Under such circumstances it does not seem to be required that the officer, or officers, expressly mention that he, or they, have a warrant, unless called upon to exhibit it. Gray v. Williams, 230 Ala. 14, 160 So. 715. See also State v. Brown, 91 W.Va. 709, 114 S.E. 372.

■ On voir dire examination of Deputy Lindsey, prior to the reception of the affidavit and warrant in evidence, it was shown that the warrant had been regularly issued prior to the search by W. W. Rayburn, Judge of the Etowah County Court, on affidavit executed by Lindsey.

The court therefore properly sustained the objection to the question propounded to Lindsey by the defense as to whether "the warrant was filled out the way they are customarily filled out down in the Sheriff's office?"

The evidence sought was irrelevant and immaterial and the question as phrased was argumentative.

■ During the direct examination of Mr. Noojin he testified he found the whiskey in a "trap" in the bathroom. The court overruled appellant's motion to exclude this statement.

Appellant argues he was greatly prejudiced in this ruling, in that the word "trap" implied that appellant maintained a hiding place for whiskey.

Immediately after this statement the witness Noojin described the place he found the whiskey in minute detail. The Attorney General argues that the word "trap" as used by the witness was nothing more than a common terminology, or a colloquial expression for a recessed area.

Regardless, we do not see how the appellant could have probably been injured in any substantial right in view of Mr. Noojin's detailed description of the place in which the whiskey was found. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■ Charge 2 was properly refused in that the charge is misleading in that it

would predicate an acquittal upon a doubt of some other person's guilt.

The court also properly denied appellant's motion to exclude the evidence and discharge him, and properly refused appellant's request for charge 1, affirmative in nature, and properly denied appellant's motion for a new trial.

Affirmed.