Merrimack,
No. 5440.

STATE

*v.*

STILLMAN TITUS.

Argued March 1, 1966.
Decided May 31, 1966.

*George S. Pappagianis,* Attorney General ( by brief and orally ), for the State of New Hampshire.

*Upton, Sanders & Upton ( Mr. Gilbert Upton* orally ), for the defendant.

BLANDIN, J. Indictment charging the defendant with possession

and control of narcotic drugs on October 22, 1963, in violation of RSA 318-A:2. The defendant pleaded not guilty and waived trial by jury. At the close of the testimony of the complaining witnesses, the defendant moved to exclude all evidence obtained under a search warrant, upon the ground that the complaint and the supporting evidence before the magistrate " . . . did not provide sufficient basis for a finding of probable cause . . . under the requirement of the Fourteenth Amendment to the Constitution of the United States."

A further ground for his motion was that the search " . . . was outside the jurisdiction of the officer conducting it . . . . "

The trial in this case was held on June 18, 1964, and the defendant having made his motions after the testimony of the State's witness, the case was transferred without a ruling by *Loughlin*, J. In the reserved case, which was drawn up and signed by the Court on September 9, 1964, the two questions transferred were whether the evidence obtained on the search should have been excluded because ( 1 ) the complaint "did not provide a sufficient basis for a finding of probable cause by the magistrate under the requirement of the Fourteenth Amendment to the Constitution of the United States" and whether the evidence should have been excluded because ( 2 ) "Lieutenant Hinds as an officer of the Concord Police Department, had no authority to make a search of premises situated outside of Concord, New Hampshire, even though accompanied by officers of the New Hampshire State Police . . . . "

On January 26, 1965, the defendant's attorney, after stating that he was enclosing copies of his brief, wrote the Clerk of the Supreme Court as follows: "As you will note, the defendant has only briefed one of the two questions transferred, namely that the affidavit and supporting evidence of the police officer did not provide a sufficient basis for a finding of probable cause. On the other issue relating to the authority of a Concord police officer to conduct a search of premises in Hopkinton, the defendant does not wish to be heard." As a result, the only issue briefed or argued before us on February 2, 1965, was that of the sufficiency of the complaint upon which the magistrate issued the search warrant. We held that the complaint was proper and that the warrant was validly issued. *State* v. *Titus,* 106 N. H. 219, decided March 31, 1965. On April 19, 1965, the defendant's motion for a rehearing was denied.

We remanded the case to the Trial Court, and upon a further hearing at which the evidence was admitted, again subject to the defendant's exception, he was found guilty. At this trial, the defendant introduced the testimony of Sergeant Paul A. Doyon of the New Hampshire State Police, who had participated in the search.

The defendant now seeks to raise the same issue as to the validity of the search warrant, as was argued before us at the first transfer. It is elementary, and defendant's counsel agrees, that ordinarily he would be foreclosed from doing so. In the present case, he again urges that under decisions of the United States Supreme Court, the warrant is invalid. He again relies upon *Aguilar* v. *Texas,* 378 U. S. 108 and *Giordenello* v. *United States,* 357 U. S. 480, upon which he based his former argument that the warrant was invalid upon the previous transfer. In order that every reasonable right of the convicted person may be pro- tected, we have re-examined the matter.

The essence of his claim is that under the *Aguilar* and *Gior- denello* decisions a completely adequate basis for the issuance of the warrant must appear on its face and its validity cannot be supported by oral testimony. We do not believe this is so. In these cases, no oral testimony was submitted and the affidavit in the warrant on its face being plainly insufficient, the evidence seized upon the search was properly excluded. The *Aguilar* case, decided subsequently to *Giordenello,* confirms the conclusion which we reached upon the first transfer. In a note to *Aguilar,* it states that no "other information," except that in the affidavit, was brought to the attention of the magistrate, and if there had been such, "this would, of course, present an entirely different case." *Id.,* 109, note 1. See *Riggan* v. *Virginia,* 86 S. Ct. 1378 ( decided May 2, 1966 ). Further authorities cited by the defendant are similarly distinguishable from the case before us, in that an affidavit, inadequate on its face, was not supported by oral testimony.

Subsequent to *Aguilar* and in the face of reliance upon it by defense counsel, other courts have not hesitated to hold that allegations in a complaint may be supplemented by oral testi- mony before the magistrate. If together they show probable cause, the search warrant is valid. *Miller* v. *Sigler,* 353 F. 2d 424 ( 8th Cir. 1965 ); *State* v. *Coolidge,* 106 N. H. 186. See *State* v. *Mark,* 46 N. J. 262, decided January 24, 1966. We

therefore reaffirm our conclusion in *State* v. *Titus,* 106 N. H. 219, 222, and hold that the warrant before us was legally issued. The defendant's exception to the admission of the disputed evidence upon the ground advanced is overruled.

The final issue upon which the defendant seeks to prevail is that the evidence obtained by the search should have been excluded because the Concord officer who obtained the warrant had no authority to make a search in Hopkinton. RSA 48:11.

However, the broad command of the warrant reads as follows: " *To any State Police Officer, or the Sheriff of any County, or his Deputy, or to any Constable or Police Officer of any City or Town within the State, Greeting:* " The Concord officer was accompanied by two State Police officers who were unquestionably authorized to act. RSA 106-B:12. One of these signed the return and engaged in the search. It follows that the search was lawful and the order is

*Exceptions overruled.*

LAMPRON, J., did not sit; the others concurred.