198 So.2d 293

**Bobby Ray CLENNEY**

v.

**STATE of Alabama.**

**I Div. 387.**

Supreme Court of Alabama.

Aug. 4, 1966.

Richmond M. Flowers, Atty. Gen., and Robert F. Miller, Asst. Atty. Gen., for petitioner.

**10**

Michael J. Salmon, Mobile, opposed.

COLEMAN, Justice.

Defendant was convicted for illegal possession of narcotics; Title 22, Chapter 8, Code 1940. He appealed to the Court of Appeals where the judgment of conviction was reversed. 198 So.2d 289. The state applied for certiorari to the Court of Appeals and we granted the writ.

The Court of Appeals reversed on the ground that the trial court erred in admitting, over defendant's objection, certain evidence, to wit, narcotics found in an automobile, in which defendant was sitting under the wheel, while the automobile was parked at Bienville Square in the City of Mobile.

The narcotics had been obtained by police officers as the result of a search of the automobile. The search was made under the authority of a search warrant. The Court of Appeals held that the affidavit on which the warrant was issued, made by Detective Mayo, was, on its face, insufficient to support a finding by the issuing magistrate that Mayo had probable cause for believing that narcotics were in the automobile, and, therefore, the warrant was void, the search was illegal, and the evidence obtained by the search was not admissible.

The Court of Appeals set out the contents of the affidavit as follows:

" 'Before me, Frank A. Massa, Recorder of the City of Mobile, Alabama, personally appeared Robert T. Mayo, who being duly sworn deposes and says: That he has reason to believe that in the automobile in the City of Mobile, Alaabama, there is now being concealed certain property, namely (here describe property) Narcotics, to-wit, ampheta-mines, barbiturates, herion, marijuana, and/or opium derivatives which are (here give alleged grounds for search and seizure) 1. Received information from a caller that Guy Gibson, a known dope addict, along with a subject by the name of George, last name unknown were to pass some dope in the

at 12:30 P.M. on Tuesday, January 12, 1965. They are suppose to be in a blue Chrysler bearing Fla. Tag Number 3WW, rest of numerals unknown. (OVER) These subjects are suppose to pass this dope and leave town today.

Guy Gibson has a record for dope offenses in this city. At 12:30 P.M., Tuesday, January 12, 1965, officers Mayo and Romagnano arrested Guy Gibson and Bernie Heil in the square, at approximately 12:45 P.M. Tuesday, January 12, 1965 officer Romagnano saw this 1957 Blue Chrysler come up to the corner of St. Francis and St. Joseph St. bearing Fla. Tag # # 3WW–2407. And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows:

"Same as Above.' "

The opinion indicates that the word "square" is omitted from the sentence immediately following the numeral "1." That sentence is to be understood as concluding: "were to pass some dope in the *square* at 12:30 P.M. on Tuesday, January 12, 1965."

The question for decision is whether the affidavit is sufficient to support a finding of probable cause. We hold the affidavit sufficient.

■ The rule seems to be that the magistrate must have sufficient evidence to support a finding of probable cause. Apparently, it is not necessary that all the evidence before the magistrate shall be stated in the affidavit, but, since the Court of Appeals holds the affidavit insufficient on its face, we limit consideration to matters stated in the affidavit.

■ "We conclude therefore that hearsay may be the basis for a warrant." Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697, 78 A.L.R.2d 233. We do not think, however, that hearsay alone can be sufficient basis for a warrant.

■ The affiant must state evidence, other than hearsay, to justify a conclusion that the article to be searched for is where he says it is. The affiant must state evidence, other than hearsay, to justify a conclusion that the hearsay is reliable. Such seems to be the rule stated in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

■ Another statement of the rule seems to be that the magistrate need not require that the informant or his affidavit be produced, and need not require that affiant have personal knowledge about the place to be searched, "so long as there was a substantial basis for crediting the hearsay." Jones v. United States, supra, 362 U.S. at page 272, 80 S.Ct. at page 736.

So the question is, do the facts stated in the instant affidavit furnish a substantial basis for crediting the "hearsay" that Gibson and another were supposed to pass dope in the square at the indicated hour and would be in the blue Chrysler with Florida tag No. 3WW–. . . .?

If there were no substantial basis for crediting the caller's story, there could scarcely be any substantial basis for believing that narcotics were in the automobile. On the other hand, if Gibson was a known dope addict with a record for dope offenses in Mobile, and Gibson did appear in the square almost precisely at the predicted hour, and fifteen minutes later a blue Chrysler with Florida tag No. 3WW–2407 did appear at the southwest corner of the square, can it reasonably be said there was no substantial basis for crediting the caller's story? In the latter set of circumstances, can it be fairly said that there is no evidence, other than hearsay, to support the conclusion that narcotics were in the blue Chrysler or that the hearsay received from the informer was not reliable?

■ We are of opinion that the facts stated in the affidavit by Detective Mayo, other than the information given to him by the caller, were sufficient to corroborate in several particulars the hearsay information upon which affiant relied to support his conclusion that the automobile contained narcotics.

The hearsay stated in the affidavit is:

1. At 12:30 p. m. on Tuesday, January 12, 1965, Gibson and another were to pass dope in the square.

2. They would be in a blue Chrysler with Florida tag No. 3WW, other numerals unknown.

The corroborating facts stated in the affidavit are:

1. At 12:30 p. m. on Tuesday, January 12, 1965, Gibson and another were present in the square, and were arrested by affiant and another.

2. Fifteen minutes later, a blue Chrysler with Florida tag No. 3WW–2407 appeared at the southwest corner of the square.

3. Gibson was a known dope addict and had a record for dope offenses in this city.

These corroborating facts are not stated on information and belief. As we understand the affidavit, affiant states that the corroborating facts are true of his own knowledge.

Here, the caller's story is not corroborated by other sources or by the fact that he has previously given accurate information, but the story is corroborated by other facts stated by affiant as true of his own knowledge. The other corroborating facts are that events predicted by the caller have happened almost precisely as foretold. Indeed, it is difficult not to believe that Gibson and another would have in actuality "passed dope" except for Gibson's arrest by affiant and the action of the officers in taking custody of the blue Chrysler with Florida tag No. 3WW–2407. The predicted drama was enacted as scheduled, except that the dope was not passed. Surely, reason does not require that affiant swear that he had seen the narcotics in order to furnish reasonable cause for belief that narcotics were in the blue Chrysler.

In any event, we are of opinion that the affidavit did state facts which show probable cause and was sufficient to authorize the issuance of the search warrant.

We think this affidavit is different from the affidavit in Knox v. State, 42 Ala.App. 578, 172 So.2d 787. In *Knox*, the affidavit was held insufficient because "it went upon the affiant's belief of the matters contained therein, without facts or circumstances upon which such a belief could be based." In the instant case, the affidavit also goes upon affiant's belief that narcotics were in the blue Chrysler, but this belief is shown in the affidavit to be based on the information affiant had received, and the information is shown to be credible because most of the events foretold by the unnamed caller had come to pass almost precisely as predicted.

In Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, the question decided was whether the arresting officer had probable cause to believe that defendant was carrying heroin on his person at the time of arrest. The officer had hearsay information from a "special employee" of the Bureau of Narcotics that defendant had gone to Chicago and would return by train to Denver, on the morning of September 8 or 9, bringing back three ounces of heroin. The "special employee" also gave a detailed description of defendant and his clothing and said he would be carrying a tan zipper bag and habitually walked fast. The officer watched incoming trains on September 8, but defendant did not appear. On September 9, defendant did appear, as described and predicted. He was arrested. In deciding whether the arrest was lawful, the court said the arresting officer "had probable cause and reasonable grounds to believe that petitioner was committing a violation of the laws of the United States relating to narcotic drugs at the time he arrested him." In support of this holding, the court said:

". . . . The information given to narcotic agent Marsh by 'special employee' Hereford may have been hearsay to Marsh, but coming from one employed for that purpose and whose information had always been found accurate and reliable, it is clear that Marsh would have been derelict in his duties had he not pursued it. And when, in pursuing that information, he saw a man, having the exact physical attributes and wearing the

precise clothing and carrying the tan zipper bag that Hereford had described, alight from one of the very trains from the very place stated by Hereford and start to walk at a 'fast' pace toward the station exit, Marsh had personally verified every facet of the information given him by Hereford except whether petitioner had accomplished his mission and had the three ounces of heroin on his person or in his bag. And surely, with every other bit of Hereford's information being thus personally verified, Marsh had 'reasonable grounds' to believe that the remaining unverified bit of Hereford's information—that Draper would have the heroin with him—was likewise true." (358 U.S. at pages 312, 313, 79 S.Ct. at page 333)

In the case at bar, Detective Mayo, in the affidavit, stated facts showing that he had personally verified every detail of the caller's information except the one particular, whether narcotics were in the blue Chrysler. We think these facts, showing all details save one to be true of affiant's own knowledge, were sufficient to support a belief that the last untested detail was also true, namely, that narcotics were in the automobile to be searched.

■ There is one difference between *Draper* and the instant case. In *Draper,* the informer had given information on prior occasions and the prior information had been found to be accurate and reliable. The opinion does not show how many times the *Draper* informer had been accurate prior to the *Draper* arrest. Neither does the *Draper* opinion say how many prior times the informer must have been accurate in order to be classed as reliable. Must he be tested more than once before he can be relied on? If such a test is a constitutional requirement, then the caller in the case at bar cannot be considered reliable. We do not think, however, that such is the rule. The caller in the instant case was tested in the instant case. The accuracy of his information was tested in every particular,

save one, before the affidavit was made. The affidavit so recites. This being so, we are of opinion that the hearsay and its reliability were sufficiently shown to justify a reasonable man in believing that narcotics were probably in the blue Chrysler.

One further test of the sufficiency of the affidavit seems proper. In the light of the facts and circumstances stated in the affidavit, could the affiant, Detective Mayo, consistent with his duty to enforce the law, have ignored the inference that narcotics were probably present in the automobile? Could he, consistent with his duty, have failed or refused to ask for a warrant to search the car? Could he, as a reasonable man in performance of his duty, have surrendered the car to defendant without attempting to make a legal search for narcotics? If these questions be answered in the affirmative, then the affidavit is insufficient to support the warrant and the search of the car was illegal. If, however, the facts stated in the affidavit lead a reasonable man to believe that narcotics probably were in the automobile, then the questions must be answered in the negative and the affidavit is sufficient on its face.

We are of opinion that a dispassionate and reasonable consideration of the facts stated in the affidavit compels the conclusion that Mayo, in order to discharge his duty, was bound to attempt to make a legal search of the automobile because the facts recited in the affidavit require the conclusion that narcotics were probably in the automobile.

We do not think the affidavit was insufficient on its face to support a finding of probable cause. It follows that we hold that the search warrant was not defective for the reason that it was based on an affidavit which was insufficient to show probable cause. We are of opinion that the holding of the Court of Appeals to the contrary is due to be reversed.

In his brief filed in this court in opposition to the state's petition for certiorari to the Court of Appeals, defendant asserts

**14**

that the affidavit was insufficient for another reason, to wit, because the affidavit does not contain appellant's name at all and does not name or describe any person to be searched or as owner of the property to be searched, that is, the automobile.

· The Court of Appeals did not decide whether the affidavit was insufficient because it did not name or describe the person as required by § 102, Title 15, Code 1940. A decision on this question was not necessary if the affidavit was defective for failure to show probable cause. In view of our holding that the affidavit did show probable cause, decision on this question would now appear to be in order. We have not, however, been favored by a brief from the state on this question and defendant's argument on this point is certainly not extensive. In this situation, we do not think we should undertake to decide this point at this time, and we do think the argument should first be addressed to the Court of Appeals.

From a procedural standpoint, it is extremely doubtful that defendant has any standing to argue the last point on our consideration of the writ of certiorari to the Court of Appeals which was issued on the application of the state.

The state cannot complain that the Court of Appeals did not hold the affidavit insufficient because no person was named in the affidavit. The state cannot complain of this ruling because the ruling is in favor of the state.

Defendant cannot complain that the Court of Appeals failed or refused to hold the affidavit insufficient for failure to name a person because defendant did not apply for certiorari.

For the reasons stated the judgment of the Court of Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, and GOODWYN, JJ., concur.