227 So.2d 448

·Bobby Wayne **MYRICK**

v.

**STATE.**

**8 Div. 6.**

Court of Criminal Appeals of Alabama.

Oct. 7, 1969.

Donald R. White, Florence, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

Appeal from conviction for receiving, etc., stolen goods. Code 1940, T. 14, § 338. Sentence: three years in the penitentiary.

We quote from the State's brief for a partial statement of facts:

"The State's evidence tended to show that on the night of February 18, 1967, the service station owned by William Danley * * * was forcibly entered. * * * Danley reported the burglary to the Sheriff * * * and gave a list of items missing from his station to * * * Deputy James Camp. * * *

"On December 12, 1967, under the authority of a search warrant, Deputies Camp, Price, and Woods took Danley

with them to the home of Johnny Myrick, father of the Appellant and with whom the Appellant was living at the time * * *. Having obtained the keys from Johnny Myrick and with the elder Myrick's consent, the deputies conducted a search of the trunk of the Appellant's automobile which was located in front of the Myrick home * * *. The Appellant was not present at the time of the search of his automobile * * *."

As a sequel to the search, Camp found a set of Sears-Roebuck "Craftsman" brand tools in a Craftsman Tool Kit box. Danley identified this set as being identical in appearance to a set taken on the occasion of his filling station being broken and entered. He positively identified one screw driver by a hacksaw cut.

Danley testified that the Craftsman tool set had a value of $39.00, thereby bringing the theft thereof within the scope of our grand larceny statute.

Basically, we consider that there are two principal legal questions involved in this appeal.

I

The first question is presented by form of a search warrant. In brief, appellant's counsel states as follows:

"In the case before the Court the affidavit states,

" 'I have been informed by a person who is in a position to know * * * My informer has been to this house on several occasions * * * My informer had observed this during the past month * * * I had received other information Friday, December 8, 1967.'

"Therefore, the affidavit reflects hearsay only as a basis for information, and the credibility of the informer is not established or reflected in any degree. * * *"

In Tyler v. State, Ala.Cir., 227 So.2d 442 (Oct. 7, 1969), we noted that Code 1940, T. 15, § 103 requires that each witness before the magistrate issuing the search warrant must have his testimony reduced to a written deposition to be subscribed by the witness. In that case, the magistrate had had other witnesses before him whose testimony was not put in writing.

In the case of instant concern, there was but one witness so far as this record shows. The only infirmity in the affidavit which led to the issuance of the warrant was the failure of the affiant to expressly label his informer as one who had previously furnished reliable information. See Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. Here, on examination in the circuit court, Camp, the affiant, testified that his informer had been previously shown to be reliable.

In Knox v. State, 42 Ala.App. 578, 172 So..2d 787(10), we indicated that it was possible to supply the deficiencies in an affidavit if, in fact, additional oral evidence was laid before the issuing magistrate. In Brandies v. State, 44 Ala.App. 648, 219 So.2d 404, and *Tyler* we indicated that such oral evidence must, nevertheless, to the extent required by § 103 of T. 15, supra, be reduced to writing. Thus, from these three opinions, it can be deduced that there must be a written deposition for each witness before the issuing magistrate.

However, § 103, supra, in describing the minimal content of such a deposition says it "must set forth *facts* tending to establish the grounds of the application, or probable cause for believing that they exist." Thus, in this case, the deficiency is not one of substance but one of establishing fully the credibility of the informer. In turn, such a showing is a collateral matter somewhat analogous to the establishing by way of a voir dire examination of the competency of a proffered witness who is suspected of being a lunatic or too young to testify.

We believe that the specific requisites for probable cause laid down in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.

**164**

2d 637; and Clenney v. State, 281 Ala. 9, 198 So.2d 293 had been met with respect to this search warrant.

■ As to the propriety of a search of Myrick's automobile without his express consent, it would seem that Myrick's leaving the key to the car with his father would make the father the son's agent. See Henry v. Miss., 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408.

II

■ The indictment, in Count 3, lays the description of the bulk of the property found as "one (1) set of Craftsman tools." We believe that this description was sufficient to apprise the defendant of the accusation of the grand jury. Manufactured goods are described differently from raw materials. See Wideman v. State, 269 Ala. 49, 110 So.2d 298.

The failure of the Grand Jury to aver value of the various items of property found in Myrick's car was not raised in the lower court.

After carefully reviewing the entire record under Code 1940, T. 15, § 389, we consider that the judgment below is due to be

Affirmed.