238 So.2d 916

**Mack OLIVER**

v.

**STATE.**

**6 Div. 12.**

Court of Criminal Appeals of Alabama.

Aug. 25, 1970.

J. Mason Davis, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

ALMON, Judge.

Mack Oliver was convicted of illegal possession of marijuana and sentenced to fifteen years in the penitentiary.

He contends the trial court erred in denying his pre-trial motion to suppress the marijuana, alleging that it was seized in an illegal search and further that the court should have granted his motion to exclude the State's evidence.

The affidavit sworn to by Joseph B. Jones, a detective for the City of Birmingham, which led the magistrate to issue the search warrant is as follows:

"(Describe Property) *Marijuana and certain other amphetamines and barbiturates* a more particular description of which is not obtainable by affiant, and that (Name or Describe Person) *Mack Oliver* whose name or description is otherwise unknown to affiant, is guilty thereof, and that said property is located or situated as follows: (Describe Place to be Searched) *Premises of 1036 9th Avenue South, Birmingham, Jefferson County, Alabama,* a better description of which location or premises is unknown to affiant and that the facts tending to establish the foregoing ground for the issuance of a search warrant are as follows: (Set out Facts Tending to Establish Ground for Issuance of Warrant) *On 5 August 1967 an amount of marijuana was purchased at 1036 9th Ave. So. Birmingham, Jefferson County, Alabama. This purchaser observed this portion being removed from a larger amount of what we believe to be marijuana. This larger amount of marijuana was still at this address when the purchaser left.*"

At the pre-trial hearing to suppress, Detective Jones testified as follows:

"A. I was present, Detective Swindal was present, and I don't recall for sure about the other two, and another officer named Barnard Dunlap was present.

"Q. All right, sir. I want you to tell the Court, if you will, Detective Jones, what if anything you told to Lieutenant Wilson, the issuing magistrate with respect to why you wanted a warrant?

"A. I told him that Officer Dunlap had been to 1036 9th Avenue South.

"Q. Did you tell him when he had been there?

"A. That night.

"Q. All right.

"A. Just a few minutes prior to our conversation, and he made a purchase of $5.00 of marijuana, and he saw some additional marijuana on the mantle, and in a sack, or jar, and had a matchbox in it that he measured out what this officer had bought.

"MR. COLLINS: Judge I am going to except to this, and move that it be excluded. This is all hearsay.

"THE COURT: This officer here is testifying that he told the man who gave the warrant this, and that the other officer was present at the time. Isn't that what you are saying?

"THE WITNESS: Yes, sir.

"MR. COLLINS: You are not testifying to anything firsthand, this is information that was given to you, right?

"THE COURT: By the officer who is alleged to have been present at the time the information was given to the warrant officer over there, Lieutenant Wilson, is that correct?

"THE WITNESS: Yes, sir. Dunlap was there, and Lieutenant Wilson was there, and I was there, and Detective Swindal was there.

"MR. COLLINS: I wasn't aware that you were claiming that Officer Dunlap was there at the time.

"MR. WILKINSON: May it please the Court, it doesn't make any difference if Officer Dunlap was there, or not, if this is what he told the magistrate.

"THE COURT: From a reliable informant.

"MR. WILKINSON: Yes, sir.

\* \* \* \* \* \*

"Q. Well, let me phrase the question this way: Did Officer Dunlap relate to you why he had gone to this particular address to make a purchase?

"A. He was working with Detective Swindal, and Hayes at the time as an undercover officer. What may have took place before he was back in the City Hall, I don't know.

"Q. As an undercover officer?

"A. Yes, sir.

\* \* \* \* \* \*

"Q. (BY MR. COLLINS:) Detective Jones, let me ask you this: Did you actually request the aid of these other officers on this night in question, or occasion in question to assist you in executing this search warrant?

"A. No. I didn't request their aid. They requested mine.

"Q. Do you want to explain that a little bit. You are the one that got the search warrant, didn't you?

"A. You are the one asking the questions.

"Q. You have answered it to my satisfaction.

"A. They were working on the case, and after it developed to this stage they called me into it, and explained what had taken place, and then, I asked for the search warrant in order to go back and look for more...

"Q. In other words, as you stated previously, it was they who requested your assistance rather than you requesting theirs?

"A. That's right.

"Q. In executing this search warrant?

"A. They had already worked it up to a buy, and had delivered it back to the City Hall before I became involved in it. Does that explain it?

\* \* \* \* \* \*

"Q. All right. Subsequent to your telling the magistrate that, did he then sign the warrant?

"A. Right.

"Q. And you were the affiant on the warrant, is that correct?

"A. Right.

"Q. After he signed the warrant, did you in the company of some other officers then go to 1036 9th Avenue South in the City of Birmingham?

"A. We did."

Armed with this search warrant, Detectives Jones, Swindal and Hayes and Lt. Myers went to appellant's apartment at 1036 Ninth Avenue, South. They arrived at approximately 10:30 P.M. Jones and Hayes went to the front door. Myers went around the right side of the house and Swindal the left. While Jones and Hayes were knocking on the front door, Swindal heard someone opening a window on the left side of the house. Upon looking in that direction, he saw appellant at the window attempting to drop something out. Swindal testified that he "got beside the house, and as he dropped this sack I caught it." After examining the sack and determining that it contained marijuana, Swindal continued on to the back of the house and entered the back door by pulling the latch off what was apparently a screen

door and breaking an inner door. The search of appellant's apartment did not reveal any drugs. After the search, appellant was arrested.

This affidavit unaided by the oral testimony of Detective Jones is insufficient. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

Tit. 15, § 103, Code of Alabama, 1940, is as follows:

"The magistrate, before issuing the warrant, must examine on oath the complainant and any witness he may produce, and take their depositions in writing, and cause them to be subcribed by the persons making them; and the depositions must set forth facts tending to establish the grounds of the application, or probable cause for believing that they exist."

Thus, the question presented is whether the allegations in an affidavit made to secure a search warrant may be supplemented by oral testimony given before the issuing magistrate. The decisions on this question are not in complete accord. In Edmunds v. State, 199 Ala. 555, 74 So. 965 (1917), our Supreme Court said:

"Although, following the provisions common to all search warrants and preliminary proceedings, the act requires that 'the magistrate before issuing a warrant must examine the complainant on oath, and any other witnesses he may produce, * * * and take their deposition in writing, and cause the same to be subscribed by the person or persons making them' (section 22, subd. 3), the omission of these requirements has never been regarded as vitiative of the warrant when it is issued upon a sufficient affidavit.

" 'The ascertainment of probable cause for the issue of the writ involved the exercise of the judicial function. Having acquired and exercised jurisdiction in the premises by taking the affidavit of a person, and having issued the warrant substantially as required by the statute, the weight of the evidence to establish prob-

able cause could not be made the subject of inquiry, nor could the judgment in that regard of the issuing magistrate be made the subject of review on the trial of the cause.' Toole v. State, 170 Ala. 41, 52, 54 South. 195, 198; Cheek v. State, 3 Ala.App. 646, 57 South. 108; Salley v. State, 9 Ala.App. 82, 64 South. 185."

In Porch v. State, 38 Ala.App. 565, 89 So.2d 694, cert. denied 265 Ala. 699, 89 So. 2d 698 (1956), a prosecution for possession of prohibited liquors, it was contended by defense counsel that § 214 of Tit. 29 had not been complied with; thus, rendering the search warrant invalid. More specifically, defense counsel contended that since the record showed that the magistrate did not take the deposition of the complaining witness and cause him to sign it, no facts were set forth tending to establish the application for the warrant on probable cause. After citing *Edmunds*, supra, the court ruled there was no merit in this contention.

Even though *Edmunds* and *Porch*, supra, were referring to Tit. 29, § 214, instead of Tit. 15, § 103, with which we are presently concerned, these statutes are almost identical and have been held to be considered in pari materia. Jordan v. State, 39 Ala.App. 469, 103 So.2d 815.

In Knox v. State, 42 Ala.App. 578, 172 So.2d 787, cert. denied 277 Ala. 699, 172 So.2d 795 (1965), the court stated as follows:

"However, if the affidavit, on its face, is found by the trial judge to be insufficient to support a finding of probable cause, as illustrated in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. 2d 697, the State may then adduce testimony showing that sufficient evidence was, in fact, before the issuing magistrate upon which a finding of probable cause could be based. Insofar as inconsistent with this opinion, the decisions cited above, principally Toole v. State, must be deemed to have been overturned by the

cited opinions of the Supreme Court of the United States."

In Clenney v. State, 281 Ala. 9, 198 So.2d 293 (1966), we find:

"The rule seems to be that the magistrate must have sufficient evidence to support a finding of probable cause. Apparently, it is not necessary that all the evidence before the magistrate shall be stated in the affidavit, but, since the Court of Appeals holds the affidavit insufficient on its face, we limit consideration to matters stated in the affidavit."

In Brandies v. State, 44 Ala.App. 648, 219 So.2d 404 (1969), there is language indicating that the judge who issued the search warrant could not be called as a witness to testify that he had other evidence before him which was not reduced to writing. Yet in the same opinion on rehearing, we find:

"Aside from this aspect we would point out that our comment on the search warrant, strictly speaking, was not ratio decidendi. Rather it was a mere pronouncement by way of gratuitous dictum, advisory in nature. This because a ruling on this point was not necessary to dispose of this appeal.

"Should the State consider that we will ultimately be held to be wrong by the Supreme Court of Alabama, as to the meaning of § 103, supra, then if Brandies is reindicted and tried, it is true that we in strict analysis have not positively ruled. However, as of now, we think that we have given the proper construction to our statute."

In Myrick v. State, 45 Ala.App. 162, 227 So.2d 448 (1969), we find:

"In Tyler v. State, 45 Ala.App. 155, 227 So.2d 442 (Oct. 7, 1969), we noted that Code 1940, T. 15, § 103 requires that each witness before the magistrate issuing the search warrant must have his testimony reduced to a written deposition to be subscribed by the witness. In that case, the magistrate had had other witnesses be-

fore him whose testimony was not put in writing.

"In the case of instant concern, there was but one witness so far as this record shows. The only infirmity in the affidavit which led to the issuance of the warrant was the failure of the affiant to expressly label his informer as one who had previously furnished reliable information. See Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. Here, on examination in the circuit court, Camp, the affiant, testified that his informer had been previously shown to be reliable.

"In Knox v. State, 42 Ala.App. 578, 172 So.2d 787(1), we indicated that it was possible to supply the deficiencies in an affidavit if, in fact, additional oral evidence was laid before the issuing magistrate. In Brandies v. State, 44 Ala.App. 648, 219 So.2d 404, and *Tyler* we indicated that such oral evidence must, nevertheless, to the extent required by § 103 of T. 15, supra, be reduced to writing. Thus, from these three opinions, it can be deduced that there must be a written deposition for each witness before the issuing magistrate.

"However, § 103, supra, in describing the minimal content of such a deposition says it 'must set forth *facts* tending to establish the grounds of the application, or probable cause for believing that they exist.' Thus, in this case, the deficiency is not one of substance but one of establishing fully the credibility of the informer. In turn, such a showing is a collateral matter somewhat analogous to the establishing by way of voir dire examinations of the competency of a proffered witness who is suspected of being a lunatic or too young to testify."

A review of the above decisions indicates a lack of uniformity on this point. Each time our Supreme Court has alluded to this problem it has approved the use of oral testimony in aid of a defective affidavit. Yet, the decisions of the Court of Ap-

peals seem to be in conflict. Compare *Porch*, supra, with *Myrick*, supra. It is my view that oral testimony should be admissible to cure an otherwise defective affidavit.

■ Could it have been logically argued that due to the failure of a committing magistrate (in conformity with Tit. 15, § 135, Code of Alabama, 1940, now repealed by Act No. 1106, Special and Regular Sessions, 1969) to reduce the evidence to writing, a defendant who has been bound over to the grand jury must be released. I think not. Similarly, the failure of an issuing magistrate to comply with Tit. 15, § 103, should not vitiate an otherwise valid search warrant.

It should be remembered that prior to Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, evidence was admissible at trial, with the exception of liquor cases (Tit. 29, § 210, Code of Alabama, 1940) regardless of the manner of seizure. To strictly construe Tit. 15, § 103, so as to prevent a reviewing court from considering oral testimony given before an issuing magistrate is but to engraft an additional state requirement on the already strict federal search and seizure rules now made mandatory on state courts.

■ This holding in no way infringes upon Fourth Amendment rights, since applicants for search warrants must still supply the magistrate with sufficient facts for the magistrate to conclude that there is probable cause.

For cases in other jurisdictions in accord with this view see Marshall v. State, 113 Ga.App. 143, 147 S.E.2d 666; State v. Titus, 107 N.H. 215, 220 A.2d 154; State v. Mark, 46 N.J. 262, 216 A.2d 377.

The following facts were before the magistrate:

1. That a few minutes ago an amount of marijuana was purchased at appellant's premises at 1036 9th Avenue, South, Birmingham, Jefferson County, Alabama.

2. The purchaser observed the marijuana which he purchased being removed from a larger amount of what he believed to be marijuana.

3. This larger amount of marijuana was still at this address when the purchaser left.

4. The purchaser was Officer Dunlap with the City of Birmingham who had been working as an undercover agent with Detectives Swindal and Hayes.

5. Officer Dunlap had related these facts to affiant.

■ Search warrants may be issued on hearsay information and need not reflect the direct personal observations of the affiant. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. The magistrate must be informed, however, of (1) some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and (2) some of the underlying circumstances from which the officer concluded that the informant was credible or his information reliable. Aguilar v. Texas, supra.

Here, the underlying circumstances are simply that Officer Dunlap was a police officer who had just purchased marijuana.

We conclude, therefore, that the specific requisites of probable cause laid down in *Aguilar*, supra; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; Clenney v. State, supra; and Davis v. State, 286 Ala. 117, 237 So.2d 640 Ms. June 11, 1970, have been met with respect to this search warrant.

There is no necessity to consider the manner in which the officers entered appellant's apartment since the subsequent search revealed nothing incriminating.

For the foregoing reasons, the judgment appealed from is due to be and the same is hereby

Affirmed.

CATES, Judge (concurring).

No longer can a trial court slam the door on reexamining what a court of summary jurisdiction says is enough to back up his handing a constable a warrant. Edmunds v. State, 199 Ala. 555, 74 So. 965, on this point was overruled in Knox v. State, 42 Ala.App. 578, 172 So.2d 787 which has been approved by our Supreme Court.

I concur because the marijuana was thrown away before the search began. Hayes v. State, 44 Ala.App. 539, 215 So.2d 604. Therefore, the validity of the warrant is not needful for us to pass on.

Nor are we at the right fork in the road to follow Act No. 100 of August 24, 1964[1] or to hold it bad.

1. But see State v. Furmage, 250 N.C. 616, 109 S.E.2d 563; State v. Paulick, 277 Minn. 140, 151 N.W.2d 591; and State v. Ruotolo, 52 N.J.2d 508, 247 A.2d 1.