260 So.2d 403

**Lyndon L. MAYES**

v.

**STATE.**

**8 Div. 70.**

Court of Criminal Appeals of Alabama.

March 7, 1972.

Rehearing Denied March 28, 1972.

John S. Tucker, Jr., Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PER CURIAM.

This is an appeal from a conviction of transporting prohibited liquor in quantities of five gallons or more in violation of Tit. 29, § 187, Code of Alabama, 1940, recompiled 1958. Appellant's punishment was fixed at five years in the penitentiary.

On the night of March 9, 1969, the appellant was arrested by Deputy Sheriff Billy Chamness of Lawrence County for driving while intoxicated. In his own automobile he was brought to the county jail where he was locked up and his automobile left in the jail yard. The officer and another deputy who was with him that night appeared before a justice of the peace, secured a search warrant, and upon opening the trunk of appellant's automobile found forty-eight pints of bonded whiskey.

Upon the trial of the case appellant objected to the introduction into evidence of the affidavit and search warrant based thereon, and also to any and all evidence pertaining to the whiskey found in the automobile. After hearing testimony on voir dire, out of the presence of the jury, the court overruled appellant's objections and when the jury returned to the courtroom the objections were renewed and the court again ruled the evidence admissible.

The affidavit upon which the search warrant was based is as follows:

"Before me, J. L. Weatherwax, Justice of the peace personally appeared Billy Chamness that Dobie Mays, alias Dobie Bayes, has prohibited liquors in his possession on his premises, or under his control, in a 1960 model 4 door Pontiac Catilina sedan, brown over white in color serial no. 16OD21255, tag no. 20–19674, Alabama.

Billy Chamness

"Sworn to and subscribed before me, this the 9th day of March, 1969.

J. L. Weatherwax, J. P."

Besides other defects not necessary to be pointed out here the affidavit is insufficient because it is conclusory and does not set out any facts from which the magistrate could make a finding of probable cause for the search.

In Brown v. State, 45 Ala.App. 265, 229 So.2d 40, this Court said:

" . . . [T]he very essence of search and seizure law is that the issuing magistrate must make a finding of probable cause from facts communicated to the magistrate by the affiant. See Knox v. State, 42 Ala.App. 578, 172 So.2d 787, cert. den. 277 Ala. 699, 172 So.2d 795; Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081."

It is true that if the affidavit is on its face insufficient to support a finding of probable cause, the State may then adduce testimony showing that sufficient evidence was, in fact, before the issuing magis-

trate upon which a finding of probable cause could be based. The case of Oliver v. State, 46 Ala.App. 118, 238 So.2d 916, holds that the deficient affidavit may be supplemented by oral testimony given before the issuing magistrate. In this respect, Myrick v. State, 45 Ala.App. 162, 227 So.2d 448; and Brandies v. State, 44 Ala.App. 648, 219 So.2d 404 (cited by appellant) requiring the supplementary evidence to be in writing are disapproved by *Oliver*, supra.

Then the question arises as to whether the supplementary evidence before the issuing magistrate was sufficient for him to base a finding of probable cause and issue the search warrant.

The record shows that the witness Sheriff Chamness appeared before the magistrate and gave the following sworn testimony, in substance: that he had arrested the appellant for driving while intoxicated; that while following appellant's automobile which pulled into a private driveway and stopped, he and another deputy saw appellant's passenger pour some whiskey out of the right front side of appellant's automobile; that they found a bottle in the floorboard on the right front side of the automobile from which whiskey had recently been poured and they thought some more whiskey was in the automobile; that appellant would not give them the key and refused to allow the officers to search the automobile; and that the automobile was parked at the county jail where they brought it.

■ We hold that under the evidence before the issuing magistrate there was no basis for finding of probable cause for the issuance of the search warrant. This is a question which must be determined by the facts of each particular case, whether an automobile is searched with or without authority of a search warrant. The right to search must be based upon probable cause; otherwise, the search would be in violation of the Fourteenth Amendment to the Constitution of the United States and

Article 1, Section 5, of the Constitution of Alabama, 1901, which protects against unreasonable searches and seizures.

It may further be observed that the facts in the case at bar can be readily distinguished from those in York v. State, 43 Ala.App. 54, 179 So.2d 330, and Sheridan v. State, 43 Ala.App. 239, 187 So.2d 294, which lay down the requisites of a search of an automobile without a warrant. Also see Spurlin v. State, 46 Ala.App. 485, 243 So.2d 758.

In its ruling on evidence above referred to, the court committed reversible error.

For the error heretofore indicated in the admission of the evidence with regard to the search warrant, the judgment is reversed and one is rendered here discharging appellant. McCurdy v. State, 42 Ala.App. 646, 176 So.2d 53.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Reversed and rendered.