282 So.2d 367

**Leroy MALONE**

v.

**STATE.**

**1 Div. 155.**

Court of Criminal Appeals of Alabama.

March 13, 1973.

Rehearing Denied April 3, 1973.

William A. Kimbrough, Jr., Mobile, for appellant.

William J. Baxley, Atty. Gen., and John A. Yung IV, Asst. Atty. Gen., for the State.

ALMON, Judge.

Leroy Malone was convicted of unlawful possession of heroin and his punishment was fixed at fifteen years imprisonment in the penitentiary.

The evidence for the State tends to show that on June 10, 1969, at approximately 12:00 or 12:30 P.M., Officers Sullivan and Washington of the Mobile Police Department Vice Squad, while on patrol in downtown Mobile, observed a group of men in front of a restaurant; that the men appeared to be unusually loud and when the officers backed up to investigate, the group began to disperse; and that appellant was one of the group and was recognized by Officer Sullivan. Sullivan had with him a felony warrant issued for the appellant's arrest on a narcotics charge. According to Sullivan, "I walked over to Lee Lee [appellant] and told him I had a warrant for him; told him what the warrant was for; and placed him under arrest." Sullivan further testified that after placing appellant under arrest he searched appellant's person for weapons; that during the course of such search he felt a bulge on appellant's left side; and that as he tried to examine him further the appellant removed a packet tucked inside his belt and dropped it to the ground between him and the officer. The officer further testified that he pushed the appellant back a step or two, picked up the packet and upon an examination of the packet, advised the appel-

lant that he was under arrest for the possession of heroin.

Dr. Nelson E. Grubbs, a State Toxicologist, testified that the packet in question, which had been delivered to him by Officer Sullivan, was analyzed and contained heroin hydrochloride and sugar, and contained an additional chemical ingredient known as diacelylmorphine. The packet of drugs containing the prohibited substances was subsequently introduced into evidence.

The testimony offered by the appellant was to the effect that he never had possession of the drugs in question; that he knew nothing about them; but that they were found on the sidewalk by Officer Sullivan.

Appellant contends that the trial judge erred in allowing into evidence the substance identified as heroin which was seized from his person incidental to arrest. More specifically, appellant argues that the affidavit on which the warrant for his arrest was based did not support a finding of probable cause by the issuing magistrate.

The State in brief has advanced no theory in the way of validating the search of appellant's person other than as being incident to a lawful arrest.[1] The testimony of the arresting officer at trial clearly shows that he had no personal knowledge of the matters contained in the affidavit upon which the warrant was based. Nor does it appear from the record that the arresting officer had reasonable grounds to believe appellant was at the time committing a crime or was otherwise engaged in any activity which could have given rise to probable cause to effect an arrest or search of appellant's person.

Clearly then, if the arrest was unlawful, so was the search.[2]

1. There is no question but that the search produced the drugs. The record will not support the view expressed in the dissent that the property was abandoned and consequently not the fruit of the search.

2. The dissenting judges make the point that the arresting officers' conduct was "under-

standable" and "in good faith." I quite agree. But good faith is not the constitutional standard. The manner of execution of a defective arrest warrant would not ab initio cure the defect.

The affidavit which provided the basis for the arrest is as follows:

"PERSONALLY appeared before me, the undersigned, Judge of the Municipal Court of the City of Mobile, Alabama, Joseph M. Romagnano who, on being sworn, doth depose and say that he has probable cause for believing and does believe that within the past 12 months John Leroy Malone [written in pen and ink] *John Doe known as Lee Lee* within the limits of the city of Mobile, Alabama or its police jurisdiction thereof, did unlawfully possess, sell, furnish or give away Morphine, a derivative or a salt or compound of Opium, contrary to law against the peace and dignity of the State of Alabama and prays for a warrant for the arrest of the said John Doe known as Lee Lee Leroy Malone [written in pen and ink]."

The State has offered no proof that any additional information was before the magistrate from which he could have reached an independent conclusion as to probable cause. Thus, no advantage is to be gained by resorting to this Court's reasoning in Oliver v. State, 46 Ala.App. 118, 238 So.2d 916.

█ We are thus squarely confronted with the question of whether such affidavit was fatally defective in that it consisted of nothing more than the affiant's conclusion that the individual named therein had perpetrated the described offense, without setting out any factual basis for such conclusion.

The Fourth Amendment of the United States Constitution and Article 1, § 5, of the Alabama Constitution are as follows:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches, and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

"That the people shall be secure in their persons, houses, papers, and possessions from unreasonable seizure of searches, and that no warrants shall issue to search any place or to seize any person or thing without probable cause, suppported by oath or affirmation."

█ There is no question but that the Warrant Clause of the Fourth Amendment applies to arrest as well as search warrants. Whiteley v. Warden of Wyoming Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306; Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142; Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503.

The unyielding demands of our State Constitution and those of the Fourth Amendment of the United States Constitution subserve the fundamental objective that the necessary factual inferences to be drawn in determining probable cause are "drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436.

In Whiteley v. Warden of Wyoming Penitentiary, supra, the Supreme Court was called upon to pass on the sufficiency of the following affidavit upon which an arrest warrant was issued:

"I, C. W. Ogburn, do solemnly swear that on or about the 23 day of November, A.D.1964, in the County of Carbon and State of Wyoming, the said Harold Whiteley and Jack Daley, defendants did then and there unlawfully break and enter a locked and sealed building [describing the location and ownership of the building]."

The court there, in holding that the magistrate was not supplied with sufficient in-

formation to support an independent finding that probable cause existed, stated as follows:

"The decisions of this Court concerning Fourth Amendment probable-cause requirements before a warrant for either arrest or search can issue require that the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause 'exists for the warrant. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). In the instant case—so far as the record stipulated to by the parties reveals—the sole support for the arrest warrant issued at Sheriff Ogburn's request was the complaint reproduced above. That complaint consists of nothing more than the complainant's conclusion that the individuals named therein perpetrated the offense described in the complaint. The actual basis for Sheriff Ogburn's conclusion was an informer's tip, but that fact, as well as every other operative fact, is omitted from the complaint. Under the cases just cited, that document alone could not support the independent judgment of a disinterested magistrate.

"The State, however, contends that regardless of the sufficiency of the complaint to support the arrest warrant, the Laramie police officer who actually made the arrest possessed sufficient factual information to support a finding of probable cause for arrest without a warrant. In support of this proposition, the State argues that a reviewing court should employ less stringent standards for reviewing a police officer's assessment of probable cause as a prelude to a warrantless arrest than the court would employ in reviewing a magistrate's assessment as a prelude to issuing an arrest or search warrant. That proposition has been consistently rejected by this Court. United States v. Ventresca, 380 U.S., at 105–109, 85 S.Ct. at 746; Aguilar v. Texas, 378 U.S. at 110–111, 84 S.Ct. at 1511–1512. Jones v. United States, 362 U.S., at 270–271, 80 S.Ct. at 735–736. . . .

.    .    .    .    .    .    .

"We do not, of course, question that the Laramie police were entitled to act on the strength of the radio bulletin. Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause. Where, however, the contrary turns out to be true, an otherwise illegal arrest cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest.

"In sum, the complaint on which the warrant issued here clearly could not support a finding of probable cause by the issuing magistrate. The arresting officer was not himself possessed of any factual data tending to corroborate the informer's tip that Daley and Whiteley committed the crime. Therefore, petitioner's arrest violated his constitutional rights under the Fourth and Fourteenth Amendments; the evidence secured as an incident thereto should have been excluded from his trial. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961)."

Tested by such constitutional criteria, we are of the opinion that the state of the record compels the conclusion that the arrest warrant was invalid, as the affidavit in support thereof failed to meet the requisite standards of specificity. It contained none of the underlying facts or circumstances from which the magistrate could

find probable cause, but contained what may be categorized as merely conclusory allegations.

 Evidence seized by a search incident to an unlawful arrest is inadmissible. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933; Duncan v. State, 278 Ala. 145, 176 So.2d 840.

Thus, the judgment of conviction is due to be and is hereby reversed and the cause remanded.

Reversed and remanded.

TYSON and HARRIS, JJ., concur.

DeCARLO, Judge (dissenting):

I cannot follow my learned brothers in their reversal of this case.

The incriminating evidence was not found on appellant's person. It was not the fruit of the immediate search. The heroin was seen by the officer when it fell to the ground. He observed it in daylight in open view. See Hayes v. State, 44 Ala. App. 539, 215 So.2d 604.

The affidavit, the keystone for their action, is said to be deficient. Aside from this determination, it is my judgment that at the time Officer Sullivan approached the appellant, he was armed with an arrest warrant which he had no reason to believe was invalid. This warrant had enough indicia of reliability to justify detention of appellant and the routine search for weapons. It afforded reasonable grounds for a search incident to the arrest. The officer was charged with the duty of executing this process and could not abandon that responsibility unless the process was void on its face. Spear v. State, 120 Ala. 351, 25 So. 46.

Officer Sullivan knew appellant and knew what the warrant was for. From reading the warrant he had reasonable cause to believe that appellant had committed a felony, therefore, taking him into custody and conducting a search were jus-

tified. Thompson v. State, 47 Ala.App. 28, 249 So.2d 644.

In the final analysis, it is evident the officer arrested appellant in good faith. Although my brothers contend that the arrest warrant was defective, and the officer's subjective good faith belief could not in itself justify either the arrest or the subsequent search, Justice White stated in Hill v. California, 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484, " . . . sufficient probability, not certainty, is the touchstone or reasonableness under the Fourth Amendment . . ." Without considering the validity of the arrest warrant, I feel that the officer's action was understandable, and the arrest a reasonable response to the situation facing him at the time.

Based on the foregoing, I respectfully dissent.

CATES, P. J., joins in this dissent.

CATES, Presiding Judge:

This on the surface was an arrest in good faith. I don't think Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 has been imposed on the issuance of an arrest warrant.