282 So.2d 371

**In re Leroy MALONE**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**SC 343.**

Supreme Court of Alabama.

Aug. 30, 1973.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State, petitioner.

W. A. Kimbrough, Jr., Mobile, for respondent.

PER CURIAM.

Petition of State of Alabama for certiorari to the Court of Criminal Appeals to review and revise the judgment and decision of that court in Malone v. State, 51 Ala.App. 19, 282 So.2d 367, having been heretofore granted, the court, after further

consideration, is of the opinion the same should be quashed as improvidently granted.

Writ quashed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH, FAULKNER and JONES, JJ., concur.

MERRILL, HARWOOD, MADDOX and McCALL, JJ., dissent.

MADDOX, Justice (dissenting).

The question presented is whether the seizure of the heroin here—when judged in accordance with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act—was reasonable? I say that the officer acted reasonably. The majority finds to the contrary. The facts are not disputed.

The officer making the seizure knew Leroy Malone. The officer had been a Mobile policeman for over eleven years and a member of the vice section for over a year. He had a warrant for his arrest on another drug charge. He spotted Malone on a public street. He proceeded to execute the warrant of arrest. He began to search Malone for weapons. During the course of the search, Malone dropped a packet on the ground, which the officer concluded contained heroin, because of the appearance of the white powder and the way it was placed in papers, and the manner in which it was wrapped. Malone was arrested on a charge of possession of heroin—that which Malone had dropped to the ground.

The Court of Criminal Appeals determined that the arrest warrant which the officer was executing was defective because of the insufficiency of the supporting affidavit. We make no point that the affidavit failed to meet *current* requirements laid down in decisions of the United States Supreme Court. The majority, we believe, feels that since the original arrest warrant was defective because of the in-

sufficiency of the affidavit, there can be no justification for the initial intrusion by the officer, and any evidence, the possession of which would constitute a crime, is inadmissible. Malone was tried and convicted for the possession of heroin which was contained in the packet he dropped on the ground during the search being conducted incident to the arrest under the warrant. We believe the officer acted reasonably for the following reasons:

1. The officer had an *order* issued by proper authorities to make the arrest. It was not void on its face. The officer was *bound* and *had no authority* to inquire into the regularity or legality in the proceeding prior to its issue. Spear v. State, 120 Ala. 351, 25 So. 46 (1898).

2. When Malone dropped the packet to the ground, he surrendered dominion and control of it and his capacity to object to the seizure was at an end. Smith v. People, 167 Colo. 19, 445 P.2d 67 (1968).

3. The legitimate governmental interest of stamping out the damnable traffic in heroin justifies the intrusion against the constitutionally protected interest of the private citizen. cf. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

4. It was reasonable to seize the packet of heroin which had been dropped to the ground in plain view, because the discovery of the packet was inadvertent and was made while the officer was justified in making the initial intrusion because he had an arrest warrant.

We think that the Court of Criminal Appeals and the majority have put entirely too much emphasis upon Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed. 2d 306 (1971). Admittedly, *Whiteley* is a frustrating case. We agree with the late Mr. Justice Black who said about the *Whiteley* decision, in his dissent:

"With all respect to my Brethren who agree to the judgment and opinion of the

Court, I am constrained to say that I believe the decision here is a gross and wholly indefensible miscarriage of justice. For this reason it may well be classified as one of those calculated to make many good people believe our Court actually enjoys frustrating justice by unnecessarily turning professional criminals loose to prey upon society with impunity." 401 U.S. at 570, 91 S.Ct. at 1038.

But we think the majority has gone further than *Whiteley* requires.

We can distinguish *Whiteley*. In that case, the evidence seized was the *fruits* of the crime for which Whiteley was arrested, based upon a police bulletin, not an arrest warrant. The articles seized did not constitute the commission of another crime. Here, the officer had an arrest warrant, and the evidence seized here, unlike the *fruits of the crime* in *Whiteley*, constituted the commission of a separate crime. Even a majority of the Supreme Court said in *Whiteley* that the officers were justified in stopping the car in which *Whiteley* was riding. In other words, the initial intrusion there was justified, but since the evidence was seized on the strength of the information received over the police radio and since the arresting officer had no information to corroborate the report that the suspects had committed the crime of burglary, the radio bulletin could not supply the element of probable cause that the officer who issued the bulletin lacked. This case is quite different. The evidence seized here constituted the commission of a crime in the presence of the officer who made the arrest. Furthermore, the officer was armed with an arrest warrant, which justified the intrusion.

In Hill v. California, 401 U.S. 797, 91 S. Ct. 1106, 28 L.Ed.2d 484 (1971), two men, while driving Hill's car, were arrested for narcotics possession. A search of the car revealed property stolen in a robbery the previous day. Both men admitted taking part in the robbery and implicated Hill, who shared an apartment with one of the men. The police, with probable cause to arrest Hill, but without an arrest or search warrant, went to Hill's apartment and found a man matching Hill's description. The man denied he was Hill (and in fact he was not). The officers arrested the man and searched the apartment and seized property stolen in the robbery, and two pages of Hill's diary. Hill was convicted of robbery substantially on the basis of the items seized in the search. The California trial court ruled that the police acted in good faith in believing the man arrested in Hill's apartment was in fact Hill. The District Court of Appeals agreed that the officers acted in good faith and that the arrest of the man in Hill's apartment was valid, but concluded that the search of Hill's apartment following the arrest was unreasonable. The California Supreme Court reversed the District Court of Appeals, and sustained both the arrest and the search.

On direct review the Supreme Court of the United States wrote:

"The upshot was that the officers in good faith believed Miller [the man in Hill's apartment] was Hill and arrested him. They were quite wrong as it turned out, and subjective good-faith belief would not in itself justify either the arrest or the subsequent search. But sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment and on the record before us the officers' mistake was understandable and the arrest a reasonable response to the situation facing them at the time."

We think that when judged in accordance with "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act," Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949), the seizure of the heroin here was justified and should have been admitted into evidence. A jury found Malone guilty of a serious offense. The effect of this

decision is to free Malone even though he was committing a crime on the public streets in the presence of a police officer.

We believe that the majority has established a rule which goes beyond anything the Supreme Court of the United States has decided regarding Fourth Amendment rights of the individual. Therefore, we respectfully dissent.

MERRILL, HARWOOD and McCALL, JJ., concur.