492 So.2d 1353 (1986)
Samuel Lavron ROSE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1335.
District Court of Appeal of Florida, Fifth District.
July 24, 1986.
Rehearing Denied September 4, 1986.
*1354 James B. Gibson, Public Defender, and Larry B. Henderson, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
It is contended on this appeal that the appellant, Samuel Lavron Rose, the defendant below, convicted of robbery, is entitled to a new trial because the state exercised its peremptory challenges on the basis of race, contrary to the provisions of State v. Neil, 457 So.2d 481 (Fla. 1984). Based upon our review of the record, we disagree, and therefore affirm the conviction.
The record shows that the state exercised four peremptory challenges, and the defense moved for a mistrial on the basis that two of those challenges were directed to blacks. The defense at that point had peremptorily excused five prospective jurors whose race is not established in the record. At the time of the motion, prompted by the state's dismissal of prospective juror McMullen, the prosecutor immediately stated, prior to any ruling or comment by the court, that it was his experience that teachers do not make good jurors, and that McMullen had been excused because she was a teacher, not because she was black. The trial judge then swore in five jurors who had been accepted by both sides; their race is not established by this record. The five sworn jurors were removed from the courtroom, and McMullen remained. Defense counsel then repeated his motion for mistrial because veniremen Henderson and McMullen, both excused by the state, were black. The trial judge stated that he thought the motion was too late as to Henderson. This was potential error, because at the time the defense included the dismissal of Henderson as a basis for its mistrial motion, the last juror had not been sworn. See State v. Castillo, 486 So.2d 565 (Fla. 1986).
The court then allowed further inquiry of venireman McMullen by the state, at which time it was established that she was acquainted with various individuals at an establishment known as "The Corner," frequented by the alibi witnesses of the defendant. At that point, the trial judge asked the attorneys for the law referred to at benchside conference, apparently a reference to the recent Neil case. The attorneys proceeded to argue in regard to both dismissals (McMullen and Henderson), and then a recess was taken so that the court and the attorneys could review Neil. Upon recommencement of court, defense counsel again objected to "the state's use of its peremptory challenges in the case of Mr. Gerald Henderson and Ms. McMullen (emphasis added)." Upon review of Neil, and based on legal arguments as to its application to the instant facts, the trial judge overruled the objection. At no time did he find a sufficient likelihood of discrimination *1355 which would justify an inquiry as to the state's motives. See Neil at 487. No such inquiry was made by the court[1]  contrary to the contention of the dissent herein. Moreover, there was no ruling that the defense motion could not include Henderson. The motion was argued to the court on the basis of the two challenges and ruled upon accordingly.
As pointed out by the majority opinion in Neil:
[E]xclusion of a number of blacks by itself is insufficient to trigger an inquiry into a party's use of peremptories. It may well be that the challenges were properly exercised but that that fact would not be apparent to someone not in attendance at the trial. The propriety of the challenge, however, might be readily apparent to the judge presiding over the voir dire. We emphasize that the trial court's decision as to whether or not an inquiry is needed is largely a matter of discretion.
Neil at 487, fn. 10. In the more recent case of Woods v. State, 490 So.2d 24 (Fla. 1986), the Florida Supreme Court affirmed a conviction wherein the trial court declined to sustain an objection to the state's exercise of five out of its first ten peremptory challenges to excuse blacks. It was held that Woods failed to demonstrate a substantial likelihood that the state exercised its peremptory challenges solely on the basis of race.
Based upon Neil and Woods, we find no error in the trial court's exercise of discretion in overruling the defense objection and denying the motion for mistrial.
AFFIRMED.
UPCHURCH, C.J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
Shortly after State v. Neil, 457 So.2d 481 (Fla. 1984) was published in this state,[1] the trial in this case commenced. During the voire dire, the prosecutor exercised peremptory challenges against four potential jurors. Two were black. The defendant in this case is black. After the second black juror was challenged, the defense objected on the ground that there were no valid reasons to dismiss them, other than that they were members of the same race as the defendant.
Although the record is not clear as to what procedure the trial judge followed, in my view I think he must have thought the defense made a prima facie showing pursuant to Neil, because he excused the other jurors from the courtroom and allowed the prosecutor to continue interrogating the second black juror in order to develop additional non-racially based reasons for the state to excuse her. Otherwise, the court would have simply accepted the prosecutor's statement that he always challenged teachers and no additional proceedings would have been necessary.
The further inquiry revealed this juror may have known some potential alibi witnesses. I agree with the trial judge that a sufficient showing was made for the second juror's challenge on non-racial grounds.
However, the trial judge refused to allow or conduct any inquiry or require any explanation for the challenge of the first black juror. He ruled that the defense counsel waived the Neil objection as to him by not raising it as soon as that juror was challenged.[2] This was erroneous. Neil only requires that the objection to the exercise of racially motivated peremptory challenges be made contemporaneously so as to permit inquiry before the petit jury is sworn.
*1356 The Florida Supreme Court followed Neil with Woods v. State, 490 So.2d 24 (Fla. 1986), but in my view, Woods does not alter the application of the law to this case. Woods held that under the facts and circumstances of the recreated record regarding the racial composition of the challenged jurors, the defense failed to make a sufficient prima facie showing to require the trial court to inquire as to the state's non-racial reasons for excusing the jurors. It did not deal with the duty of the court to make inquiry once such a showing is made.
Even more recently, the United States Supreme Court held that peremptory challenges cannot be based on the race of jurors alone. In Batson v. Kentucky, ___ U.S. ___, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the court adopted a similar test and procedure to that in Neil. The defense must show that the defendant is a member of a racial minority; that the state has peremptorily challenged jurors of the defendant's race from the venire; and from other facts and circumstances in the case, that the challenges were racially motivated. If the trial court thinks such a showing has been made, the burden shifts to the state to give a race neutral explanation for the challenges. "A single invidiously discriminatory governmental act is not immunized by the absence of such discrimination in the making of other comparable decisions."[3]
These cases, in my view, mandate that Rose be given a new trial. We do not know on the basis of the record in this case what the racial composition of the venire was, or whether the defense also challenged black jurors. If that is determinative, those are facts which can be established on remand, and we should not make their absence the basis for an affirmance in this case.[4]
However, I think the record in this case is sufficient to require a reversal. We know the defendant, Rose, is black. We know the two jurors challenged by the state were black. When the objection was made, the trial court felt compelled under Neil to make a further inquiry regarding the state's reasons to excuse the second black juror. Had the balance of the petit jury been black, or had the defense also peremptorily challenged black jurors, the trial judge would likely have denied further inquiry.[5] But he did not do this.
Neil, Batson and Woods give the trial judge broad discretion to determine whether an inquiry into racially neutral reasons for peremptory challenges must be made. "The trial court's decision as to whether or not an inquiry is needed is largely a matter of discretion." Neil, 457 So.2d at 487, n. 10. The reason for this is that one present at voire dire can make observations which the record does not necessarily disclose and which could explain peremptory challenges on race neutral grounds. However, once the defense persuades the trial judge that a race neutral explanation for a peremptory challenge must be given, Neil, Batson and Woods do not give him discretion to allow the inquiry to be made of less than all the challenged black jurors. People v. Thompson, 79 A.D.2d 87, 435 N.Y.S.2d 739 (1981).
To recapitulate, a party's peremptories cannot be examined until the issue is properly presented to the court and until the trial court has determined that such examination is warranted. If such occurs, the challenged party must show that the questioned challenges, but no others, were not exercised solely on the basis of race. (Emphasis added).
Neil, 457 So.2d at 488.
NOTES
[1] Cf. Taylor v. State, 491 So.2d 1150 (Fla. 4th DCA 1986).
[1] State v. Neil, 457 So.2d 481, 482 (Fla. 1984) created new law in Florida "that jurors should be selected on the basis of their individual characteristics and that they should not be subject to being rejected solely because of the color of their skin... ."
[2] The trial judge said "I think you are too late with respect to Henderson, and he made certain statements ..."
[3] Batson, 106 S.Ct. at 1722, citing Village of Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 266, 97 S.Ct. 555, 564, 50 L.Ed.2d 450 (1977).
[4] See Woods v. State, 490 So.2d 24 (Fla. 1986).
[5] Cf. Woods.