500 So.2d 472 (1986)
Sonya DAVIS and Delern Davis
v.
STATE.
1 Div. 175.
Court of Criminal Appeals of Alabama.
June 10, 1986.
On Return to Remand November 25, 1986.
Donald M. Briskman, Mobile, for appellants.
Charles A. Graddick, Atty. Gen., and Robert B. Rinehart, Asst. Atty. Gen., for appellee.
BOWEN, Presiding Judge.
Delern and Sonya Davis, husband and wife, were convicted by a judge sitting *473 without a jury for the unlawful possession of cocaine and marijuana. Their sentences of two years' imprisonment were split with three months to be served and the balance suspended for a period of five years on formal probation.

I
On August 10, 1983, Mobile Police Officer Rassie G. Smith obtained a warrant to search the residence located at 250 ½ George Street. No reasonable argument can be made that the affidavit in support of the search warrant does not satisfy the probable cause standards of Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). This cannot be said about the affidavits in support of the arrest warrants.
Based upon information obtained in the search, arrest warrants were obtained for both defendants on August 15, 1983, and executed on August 31, 1983. The affidavits for the arrest warrants state conclusions and are insufficient, in and of themselves, to support a finding of probable cause to arrest. Each affidavit states, in pertinent part, "Before the undersigned authority personally appeared Affiant [Officer Smith] who requested an arrest warrant and in support thereof stated that within the past (x) twelve months ... and within Mobile County, the above named Defendant did feloniously possess" marijuana and cocaine.
"It is true that if the affidavit is on its face insufficient to support a finding of probable cause, the State may then adduce testimony showing that the sufficient evidence was, in fact, before the issuing magistrate upon which a finding of probable cause could be based." Mayes v. State, 47 Ala.App. 672, 673-74, 260 So.2d 403 (1972). Oral testimony is admissible to cure an otherwise defective affidavit. Oliver v. State, 46 Ala.App. 118, 122, 238 So.2d 916 (1970). However, "an otherwise insufficient affidavit cannot be rehabilitated by testimony concerning information possessed by the affiant when he sought the warrant but not disclosed to the issuing magistrate. * * * A contrary rule would, of course, render the warrant requirements of the Fourth Amendment meaningless." Whiteley v. Warden, 401 U.S. 560, 565, n. 8, 91 S.Ct. 1031, 1035, 28 L.Ed.2d 306 (1971). See W. LaFave, 2 Search and Seizure § 4.3 (1978).
From the record, we cannot determine exactly what Officer Smith told the warrant clerk:
"Q. Did you simply hand them an affidavit that you had typed out stating something to the effect that was knowingly in actual or constructive possession of cocaine, Rassie Smith, Affiant?
"A. No, sir. I went down there with the paperwork, showed it to her, went over it, she prepared the affidavits, and I swore to them, and she issued the warrant."
* * * * * *
"Q. Did you tell the warrant clerk that you had gone there and you had arrested a man named Blackmon?
"A. Yes, I signed warrants on him that day too.
"Q. Okay. And you went to the apartment on August the 31st and based on the execution of the search warrant first, then the discovery of the drugs, the statement from Blackmon and you say some mail seized, you took that to a warrant clerk. You gave her these affidavits that have been marked into evidence. You got an arrest warrant from the warrant clerk. Based on that, you went to the residence; is that right?
"A. Yes, other than she prepared the affidavits."
While it is clear to this Court that Officer Smith did, in fact, have probable cause to arrest the defendants, it is not clear that this information was communicated to the warrant clerk. In the absence of exigent circumstances, the authority to make a warrantless arrest ends at the threshold of a private dwelling, and the police may not make a warrantless, nonconsensual entry into a suspect's home to effectuate a routine felony arrest. Payton v. *474 New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).
Therefore, we remand this cause for an evidentiary hearing to determine exactly what information Officer Smith provided the warrant clerk in obtaining the arrest warrants. A transcript of that hearing shall be made and sent to this Court.

II
If the arrest warrants were properly obtained, it is clear that the marijuana and cocaine discovered when the arrest warrants were executed were properly seized. Officer Smith testified that Mrs. Davis was shown the arrest warrants and, in response to their requests, indicated that the officers could come inside and look for her husband and could "look around for drugs." See Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976).

III
The defendants argue that the search of August 10, 1983, which led to the issuance of the arrest warrants was illegal because the search warrant was issued by a Mobile County District Court Judge "to the Sheriff of Mobile County" but was executed by Mobile police officers. See Walden v. State, 426 So.2d 515 (Ala.Cr.App.1982). This issue was not raised at trial and consequently there is nothing for this Court to review in this regard.
For the reason stated in Issue I, this cause is remanded with directions.
REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND
BOWEN, Presiding Judge.
On remand, an evidentiary hearing was held. The warrant clerk, Effie Diamond, testified that she could not remember anything Officer Smith told her in obtaining the arrest warrants. Officer Smith did not testify. The State has utterly failed to supply the missing testimony and prove that the arrest warrants were properly issued and were, in fact, based upon probable cause. The Attorney General, on appeal, has never alleged the validity of the arrest warrants. Consequently, we hold that the arrest without a valid warrant was illegal. The marijuana and cocaine seized during a warrantless search following an illegal arrest were due to be suppressed.
OPINION EXTENDED; REVERSED AND REMANDED.
All Judges concur.