515 So.2d 82 (1987)
Chastine Lee RAINES
v.
STATE.
6 Div. 442.
Court of Criminal Appeals of Alabama.
April 14, 1987.
On Return to Remand September 8, 1987.
*83 William M. Dawson and Arthur Parker, Birmingham, for appellant.
Charles A. Graddick and Don Siegelman, Attys. Gen., and Rivard Melson and William D. Little, Asst. Attys. Gen., for appellee.
PATTERSON, Judge.
The appellant, Chastine Lee Raines, was indicted and convicted for the capital offense of robbery or attempt thereof when the victim is intentionally killed, as proscribed by § 13A-5-31(a)(2), Code of Alabama (Supp.1978) (repealed 1981). He was sentenced to death for the November 1980 crime. Raines had originally been convicted and sentenced to death in 1981, and this conviction and sentence were affirmed on direct appeal. Raines v. State, 429 So.2d 1104 (Ala.Cr.App.), aff'd, 429 So.2d 1111 (Ala.1982). However, Raines was accorded a new trial as a result of the granting of his writ of habeas corpus on October 3, 1984, by the United States District Court for the Northern District of Alabama. Raines v. Smith, No. CV 83-P-1080-S (N.D.Ala. Oct. 3, 1983).
By supplemental brief, Raines, who is black, alleges that, in exercising its peremptory jury strikes, the prosecution was motivated by racial bias, and that he is entitled to a new trial under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The victim was white. The record establishes that the prosecution used the first thirteen of its fourteen strikes to strike thirteen of the sixteen blacks on the venire. The prosecution's fourteenth strike was used to strike a white woman whose son had been represented by defense counsel on "apparently numerous cases, including a felony." Three blacks remained on the jury.
In response to Raines's contention, the attorney general urged us to find that it was not properly preserved for our review. The defendant should object to the composition of the jury prior to trial. Williams v. State, 342 So.2d 1328 (Ala.1977); DeLoach v. State, 361 So.2d 19 (Ala.Cr.App. 1977), writ quashed, 361 So.2d 21 (Ala. 1978). More particularly, the court in Brown v. State, [Ms. 1 Div. 215, January 13, 1987] (Ala.Cr.App.1987), and Swain v. State, 504 So.2d 347 (Ala.Cr.App.1986), held that an objection should be interposed before the jury is empanelled and sworn. In Brown, the court relied on United States v. Erwin, 793 F.2d 656, 667 (5th Cir. 1986), wherein the federal court in observing that, "[t]he Court in Batson envisioned that a motion to strike would be made promptly, probably before the venire was dismissed," held that a motion to strike, entered one week after the jury had been selected and the venire had been dismissed, but before the jurors were empanelled, was untimely. In Swain, the court quoted the following from Williams v. State, 712 S.W.2d 835, 840 (Tex.Dist.Ct. App.1986): "In light of Batson, the proper time to raise such an objection was after the peremptory strikes had been made, but prior to the jury being sworn."
*84 The attorney general correctly points out that the procedural scenario in the instant case does not fall within the neat guidelines set out above. Before defense counsel and the prosecutors exercised their strikes, the parties and the trial court retired to the court's chambers, where the following occurred:
"MR. DAWSON [Defense counsel]: Before we strike, there are a couple of things we would like to bring up.
"Previously Mr. Daniel, in the trial before this one [apparently Raines's first trial], objected to the prosecution striking black jurors in that this is a black defendant charged with the murder of a white person. We would certainly renew that objection and ask that the State be enjoined from striking solely because of race; and, secondly, ask in the event they choose to strike a predominant number of black jurors, that they show some reason for such strike because we submit that there is a practice of striking just blacks which has been followed, striking because of race, and this denies this defendant equal protection under the law.
"MR. DeCARLO [Prosecutor]: The Criminal Court of Appeals of Alabama, in a case called James Allen, III, and the Supreme Court of the State of Alabama, it says you can.
"THE COURT: Raines versus State is what I'm going by.
"MR. DeCARLO: According to my calculations, there are sixteen black persons out of the forty-two. After the State exercises their fourteen strikes.
"THE COURT: You've got it.
"MR. DAWSON: I would like reasons other than the race.
"MR. McDONALD [Prosecutor]: We aren't gonna
"THE COURT: Overruled.
"MR. DAWSON: We except."
Immediately thereafter, the jury was selected, and then the following occurred:
"THE COURT: Did you go down your lists, gentlemen?
"MR. DAWSON: Yes, sir.
"THE COURT: Do you want me to go over it again?
"MR. McDONALD: Satisfied.
"THE COURT: Mr. Parker, Mr. Dawson?
"MR. DAWSON: Yes, sir.
"THE COURT: Did I make a mistake?
"MR. PARKER: No, sir.
"THE COURT: That is the correct jury as struck?
"MR. PARKER: Yes, sir."
Then, the venire was released, and after preliminary instructions, the jury was excused until the next morning. First thing the following day, defense counsel contended that the prosecution's jury selection established "a pattern and practice that [they] feel is discriminating," and counsel again requested that there be a showing of reasons or rationale for the prosecution's exercise of its strikes. In denying counsel's request, the trial court applied the principles of Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Contrary to the attorney general's assertion, it was after this objection and ruling that the jury was sworn. (R. 165.)
Under the circumstances of this case, we do not agree with the attorney general's argument that Raines is procedurally foreclosed from raising the instant issue on appeal. While his first objections might not have been fashioned in the precisely correct form or interjected at the precisely correct time, they most assuredly alerted the trial court, with particularity, to the requested procedure and the ground of complaint; by them, the trial court made informed rulings. See Madison v. State, [Ms. 1 Div. 200, March 20, 1987] (Ala. Cr.App.1987) (wherein the court held that the equal protection issue was preserved where "[t]he appellant made his objections to the selection of the jury known to the trial court during the selection of the jury for trial and he requested [that] the court require the State to articulate some non-discriminatory reason for the exclusion of these blacks from the jury"). Moreover, Raines's first objections allowed the trial court and the prosecutors the opportunity to consider Raines's concern and take the appropriate course of action while it was still possible to do so. *85 We further decline to adopt the attorney general's position that, by the defense counsel's announcing that they were satisfied, any complaint directed at the jury selection was waived. As we construe this acquiescence, within the context of the surrounding remarks, defense counsel were merely agreeing that the jurors put in the jury box were those actually selected by the parties.
Accordingly, this cause is remanded with directions for the trial court to determine whether the facts of this case establish a prima facie showing of purposeful discrimination under Batson v. Kentucky. If the court determines that a prima facie showing has been established, the court must afford the prosecution the opportunity to come forward with race-neutral explanations, if any, for its exercise of its peremptory strikes. If the prosecution is unable to do so, then Raines is entitled to a new trial. Upon disposition, the court shall make written findings of fact on this issue and make due return to this court.
REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND
PATTERSON, Judge.
This court remanded this case to the Circuit Court of Jefferson County and directed it to conduct an evidentiary hearing to determine whether the facts establish a prima facie case of purposeful discrimination under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and, if so, to allow the prosecutor an opportunity to provide explanations for the use of his peremptory strikes in selecting the jury which convicted appellant. On remand, the trial court fully complied with the order of this court and has made due return. After holding an evidentiary hearing, the trial court issued a written order, as corrected, in which it made the following findings of fact:
"The Court, after having made a finding that there is a Prima Facie case of purposeful unlawful discrimination on part of the State of Alabama in the manner which it exercised its preemptory [sic] jury strikes during the trial of this case, afforded the State of Alabama, after proper notice to all parties, the opportunity to articulate its reason(s) for the manner in which its preemptory [sic] strikes were used.* The State of Alabama stated in Open Court that it could advance no reason as to the manner in which the jury strikes were utilized.

"The Court having before it the facts that thirteen (13) of the State's fourteen (14) preemptory [sic] strikes were used to strike blacks. The fourteenth strike was utilized by the State against a caucasian who was unalterably opposed to the death penalty.

"This Court finds that the defendant did not receive a fair trial as required by Batson v. Kentucky, [476 U.S. 79] 106 S.Ct. 1712 [90 L.Ed.2d 69] (1986). In compliance with the Order of the Court of Criminal Appeals, this matter is returned to said Honorable Court for whatever action it deems proper.
". . .
"* A copy of the transcript of the proceedings is attached hereto and made a part of this Order as though fully set out herein." (Emphasis in original.)
The trial court expressly incorporated a copy of the transcript of the proceedings into its order. At the conclusion of the hearing, the court ordered the following:
"[I]t is the judgment and order of this court that the burden having been on the State and the State unable to come up with any explanation that the defendant is entitled to a new trial and it is ordered and a copy of this order is to be forwarded to all parties and a copy to the Court of Criminal Appeals. Trial is set for October 19."
The court correctly applied Batson v. Kentucky in finding a violation of appellant's constitutional rights. We agree with the trial court that appellant is entitled to a new trial. A new trial having been ordered, this appeal is due to be, and it is hereby, dismissed.
*86 OPINION EXTENDED; APPEAL DISMISSED.
All Judges concur.